Grimke, J.
The information alleges that the defendants, from September 20, 1839, have used, without any warrant, charter, or grant, the franchise of banking, by issuing notes, receiving deposits, making discounts, and by other moneyed transactions usually performed by incorporated banks, and which none but such are authorized to perform. The plea states that the defendants were incorporated by the legislature of Ohio, by an act passed February 19, 1810, entitled “an act to incorporate the Washington Social Library Company,” and, referring to the act at large» avers that thereby they have lawfully exercised and still use and exercise the banking franchise, and receive deposits, make loans, issue paper, etc.
To this plea there is a demurrer.
And the question presented is, whether the charter of the defendants gives them authority to exercise the franchise of banking.
Section 1 of the charter creates the corporation by the name of the Washington Social Library Company, and gives it a capacity of suing and being sued, of making contracts, a common seal, and the power to make by-laws. Section 2 gives the powers of acquiring, holding, and disposing by mortgage, or in such other manner as they shall deem most proper for the best interests of the corporation, any estate, real or personal.
*Section 3 provides for an annual election, in the township of Montgomery, of directors, who are to excute the by laws, etc.
Section 4 merely appoints seven persons directors, until the first annual meeting.
The mere recital of these provisions of the charter, one would suppose, was sufficient to satisfy any understanding, whether gifted with the highest powers, or possessing only the ordinary share of good sense, that the power of banking has never been conferred upon .this corporation. It is merely created a library company, and all the authority which is given to it, is incidental to that object. Length of time is not relied upon, as giving a prescriptive right to the use of the franchise, and the defendants *84 stand arraigned as having been guilty of the most palpable and fragrant violation of the law.
Charles Anderson, for the state.
Odlin & Schenck. and H. Stanbery, for the defendant.
It has been argued that, before the restraining acts of February 8, 1815, and of January 27, 1816, banking was not a franchise; that it might have been exercised by any individuals, who were competent to contract, and that, therefore, a corporation might also lawfully exercise the same. Admitting this to be true, at the date of the charter, in 1810, though, I confess, I am not satisfied of its correctness, yet the defendants do not pretend that they commenced the exercise of banking powers before the passage of those laws. On the contrary, the information alleges the use of this power from September 20, 1839; and the defendants, in their plea, do not undertake to say that it begun at a period antecedent to those acts. When they commenced the use of this privilege, then, it was in plain violation of the law, and was a usurpation of a privilege, for the exercise of which they are unable to show any warrant whatever.
To presume powers to be vested in a corporation, which are not expressly granted, would be attended with great inconvenience; to presume a charter, would be attended with still greater — for, what sort of a charter is it? would be the'next inquiry. Bank charters contain an infinite variety of provisions. Some are exceedingly restricted, while others are ^almost unlimited, in the power which they confer; and the shades of difference between these two extremes are so numerous that it would be impossible to form any definite idea of what were the powers intended to be granted in any particular case. The consequence is, that a body of men, to whom banking powers, in the abstract, were conceded, would be placed in an infinitely better condition than any other corporation in the state. Their powers would, literally, be unbounded, in consequence of the very defect which was inherent in their creation. That they were without law, would be a passport to the exercise of all law. It would require a much stronger case than is here presented, to presume the existence of the privilege in question. The demurrer, therefore, is sustained, and the judgment of the court is that the defendants be ousted and altogether excluded from the franchise of banking, and that the prosecuting attorney recover his costs against the defendants.