THE ST. LOUIS BUILDING AND SAVINGS ASSOCIATION, Appellant, *v.* JOHN H. LIGHTNER, Collector, etc., Respondent.

1. *Revenue Act — Construction.* — Sections 19 and 20 of the revenue act of 1863 (Adj. Sess. Acts 1863, p. 69) contemplate an assessment on shares of stock held and owned by individual persons.
2. *Revenue Act — Design.* — The manifest object of these provisions was that the assessor might be thus provided with authentic information as to the persons who owned shares of stock in the corporation, in order that the shares might be properly assessed against them.
3. *Corporation — Capital Stock — Taxation.* — That portion of the capital stock of a corporation which has been invested in bonds of the United States is not subject to taxation by the State.

*Appeal from St. Louis Circuit Court.*

On the trial of this cause, plaintiff asked the court to give the following instruction, which was refused: "If the court find from the evidence in the cause that the plaintiff had invested $70,500 of its capital stock in the bonds of the Government of the United States, and that the said amount of capital stock so invested was by the assessor of St. Louis county assessed for taxation under the State law, and the tax book containing said assessment was

placed in the hands of the defendant as collector of said county, and that the levy and seizure admitted in the defendant's answer were made to collect the tax on such assessment and no other tax, and by no other authority than such tax bill conferred, then said levy and seizure were contrary to law, and the plaintiff is entitled to recover."

*Gardner*, and *Glover & Shepley*, for appellant.

I. The *onus probandi* was on the defendant. (Blackw. Tax Tit., ed. 1855, pp. 84 to 112 inclusive.)

II. The assessment of the tax in this case, by virtue of which the defendant, Lightner, attempts to justify his trespass, was an assessment on the capital stock of the corporation, and not on any shares therein. The list of property delivered by the plaintiff to the assessor in respect to this matter (see § 7, art 2, Rev. Act, Adj. Sess. Acts 1863, p. 68) is in these words: "The capital stock of this association, on the 5th of September, 1864, was $292,600, of which capital stock the association had invested on that day, in United States bonds exempt from taxation by law, $70,500." On the foot of this list is an affidavit signed by Felix Coste, president of the plaintiff, "that the above is a true and correct list of all taxable property (except merchandise and shares of stock in incorporated companies) owned by him or under his charge on the first Monday of September, 1865." This is not a list of shares of stock — 1. Because it does not speak of any shares of stock, but of the capital stock of the association only. 2. Because the affidavit of Mr. Coste, president of the corporation, who made this list of property on which the tax was to be levied, says, in so many words, it is a true list of property owned by him or under his charge, except shares of stock in incorporated companies. 3. Because the law points out how a list of shares shall be made out and delivered to the assessor, and this list is not so made out in any particular. See Adj. Sess. Acts 1863, p. 69, § 19, where it is said the president or chief officer of such corporation shall deliver to the assessor a list of all shares of stock held thereon, and the names of the persons who held the same. This was not done. It is, therefore, not a list of stock

shares. And if it was a list of shares, omitting the owner's name, as it does, would avoid the list, and any assessment of tax on it would be void for want of the owner's name. When the statute requires an owner's name to appear, and it does not, the assessment is void. (Blackw. Tax Tit., ed. 1855, p. 173.)

III. The twentieth section of the last-mentioned act again assumes the necessity for such list, and shows why the law requires it to be made. It is in order that the corporation which is to pay the tax shall be permitted to recover from the owners of the shares whose names are inserted in the list so much of the tax as may belong to those persons. Should any controversy arise about who are owners of any particular shares, such shares may be identified in this way. If the corporation were compelled to pay this tax as duly assessed on the shares of the stockholders, the tax could never be recovered from any stockholder as provided in section 20, for the names are the only means provided by the law for learning who the owners are. If any man is returned in a list so made as an owner of shares when he is not, he may appeal (see § 38 Adj. Sess. Acts 1863, p. 71); but if this is a list of shares, the right to such appeal is cut off.

IV. The law must be complied with, or the list is void. "The list is the foundation of all the proceedings;" and if illegal no assessment can be based on it. (Blackw. Tax Tit., ed. 1855, pp. 133, 130.) It is essential to the validity of titles under a "tax sale." Of course, if it is invalid, there is no power to collect. (*Id.* 137.) The assessment lists must be legal, or taxes cannot be laid on them.

V. The listing for taxation, being for the property of the corporation (its capital stock), was contrary to the statute of Missouri, and was void. No property of any corporation, save that of manfacturing companies, was taxable at the date of this list (Adj. Sess. Acts 1863, p. 65, § 1), unless it was in excess of capital stock. The listing for taxation being for the capital stock of the corporation, and not for any shares therein, and $70,500 of that capital stock being bonds of the United States, the same was void, as not subject to State taxation. (Bank Tax Case, 2 Wal. 200; Bank of Commerce v. New York City, 2 Black, 620.)

*H. A. Clover*, for respondent.

I. The tax imposed by the law of Missouri at the time of the tax levied upon the plaintiff was not a tax upon the bank, or upon the banking capital of the bank ; therefore, any portion of the capital of the bank invested in government securities cannot be regarded as having been taxed, and the principle of the decisions in 2 Black and 2 Wallace has no application whatever to the case at bar.

II. The State authorized the taxation of shares of stock in incorporations, and the shareholders were and are responsible for the payment of the tax as shareholders. The revenue law of Missouri, at the time of the levy of the tax complained of, prescribed the levy of a tax upon this object (Rev. Act of 1863, §§ 19, 20, 21 ; Adj. Sess. Acts 1863, p. 69.)

In the case of The People of New York v. Commissioners, in 2 Black, 620, New York levied a tax upon the capital of the bank, and as a portion of that capital was invested in government securities, it was held that a tax laid upon that portion of the capital was a tax upon the securities of the United States, and therefore unconstitutional ; but the court said : " It is agreed the tax (levied by the State of New York, and which is the subject of review in the case) is upon the property constituting the capital." In Van Allen v. The Assessors, 3 Wallace, 573, the Supreme Court, to justify the taxation of shares of stock of the National banks at their full value, making no distinctions for portions of the capital of the bank invested in government securities, asserted and maintained a distinctive difference between shares of stock in a bank and the capital stock of a bank. (33 N. Y. 238.)

The shareholders in the National banks are taxed by the State upon the full value of their shares without regard to the amount of the capital of the bank invested in government securities, and this is an attempt to put the shareholders in State banks upon a better footing than is held by the shareholders in the National banks. The State, it must be admitted under the authority of 3 Wallace, may tax the interest of the citizens in a bank created outside of its own authority to the fullest extent, without regard

to the character of the investments of the capital of the bank, and yet cannot, it is urged, tax that interest to the same extent in a bank or institution existing and drawing the breath of life by its authority. (Bank of Commerce v. New York, 2 Black, 628; B'k Tax Case, 2 Wal. 200 ; Van Allen v. The Assessors, 3 Wal. 573.)

HOLMES, Judge, delivered the opinion of the court.

The object of the suit is to recover back money which it was averred had been unlawfully levied upon and seized by the defendant, the collector of taxes, under a tax bill issued against the corporation.

The president of the company was called upon to deliver to the assessor a written list of the property taxable by law to the corporation. A list was furnished, in which the capital stock was set down at $292,600, whereof a part, amounting to $70,500, was invested in the bonds of the United States, which, it was claimed, were not subject to taxation by the State. The assessor, being of the opinion that there was no exemption, levied the taxes upon this part of the capital stock separately, under the name of "shares of stock in incorporated companies." The tax bill was paid and receipted by the collector for the amount of the taxes levied, less the item assessed upon these bonds of the United States, which was "left to be determined by legal authority." The plaintiff refusing to pay this item, the collector proceeded to make a seizure of bank notes to the amount of the demand.

This was clearly an assessment against the corporation in respect of its capital stock, and nothing more. It is conceded on both sides that the capital stock of the corporation invested in the bonds of the United States was not subject to taxation by the State. (Bank of Commerce v. New York City, 2 Black, 620 ; Bank Tax Cases, 2 Wal. 200.)

But the defendant contends that this was an assessment and levy of taxes upon "shares of stock" under the provisions of the revenue act of 1863. (Adj. Sess. Acts 1863, p. 69, §§ 19, 20.) These provisions contemplate an assessment on shares of stock held and owned by individual persons. These persons are made taxable by law in respect of the shares of stock owned by them in

the corporation, but the act, instead of requiring them personally to give in a list for taxation, made it the duty of the president or other chief officer of the corporation, when called upon by the assessor, to deliver to him "a list of all shares of stock held therein, and the names of the persons" who held the same. The manifest object of this provision was that the assessor might be thus provided with authentic information as to the persons who owned shares of stock in the corporation, in order that the shares might be properly assessed against them. There would be no rational meaning in any other construction.

In this case there was no attempt to assess shares of stock against the persons owning them. The assessment was made against the corporation, the assessor being of the opinion that the government bonds were subject to taxation, either as shares of stock or as a part of the capital stock of the corporation. It was called "shares of stock," but the thing intended must have been capital stock, and could have been nothing else. To call this "shares of stock" would be simply an irrational use of words. Things are not changed by giving them wrong names. The statute itself is expressed in vague and indefinite terms. The twentieth section provides that the taxes assessed on shares of stock, against the persons owning them, shall be paid in the first instance by the corporation, to be then recovered from the owners of the shares or deducted from the dividends accruing on such shares. Whatever might be said of this mode of collecting taxes, we are not now required to give an opinion upon its operation, effect, or constitutionality. It is enough for all the purposes of this case that there was no assessment nor any attempt at an assessment of taxes in the manner contemplated by these special provisions.

According to the authorities, that portion of the capital stock of the corporation which was invested in the bonds of the United States was not subject to taxation by the State. The assessment, levy, and seizure for this item of the tax-bill were therefore wholly without any authority of law, and the plaintiff's instruction should have been given.

Judgment reversed and the cause remanded. The other judges concur.