St. Louis Building and Savings Association, Appellant, v. John H. Lightner, Respondent.

1. *Revenue — County collector, errors of, in listing property, will not avoid assessment.*—The county collector is an executive officer, and has always been protected by his precept, unless it appears on its face to have been issued against property wholly exempt from taxation. Mere errors or irregularities in the manner of listing property, in the name of the supposed owner, or in any other respect not to render the paper void, will not excuse the collector from the performance of his duty.

2. *Revenue — Taxation — U. S. bonds, shares of stock invested in, may be taxed.*—Although United States bonds as such can not be taxed, the shares of the capital stock of a corporation can be taxed at their true value, although a part or the whole of it may be invested in such bonds. Thus the bonds are in effect taxed as affecting the value of the shares of stock; and where the officers

of the bank furnish the assessor with the names of the shareholders, together with the amount of stock held by each, their shares should be so assessed as to cover the value of their bonds, and it will be the duty of their officers to pay this tax on behalf of the shareholders.

And where the officers make no objection on the ground of the irregularity of the assessment, and are themselves a party to it, and the claims of the assessor are substantially correct, upon no principle should they be permitted to say that his error in assessing the shares to the bank instead of its stockholders rendered the assessment void and the collector a trespasser.

*Appeal from St. Louis Circuit Court.*

*Glover & Shepley*, and *Gardner*, for appellant.

I. The assessment and tax bill upon which this levy was made are utterly void upon their face, because: (*a*) All the assessment, including the $70,500 of United States bonds, was upon capital stock of the corporation, and the whole of it was void as unauthorized by law. If there could be any assessment against said corporation whatever, under the law as it then existed, it could only be for so much property specifically stated in the assessment as so much property "in excess of capital stock" distinctly stated to be assessed as such. (*b*) That portion of the payment of which the levy was made was void for the additional reason that it was part of the capital stock invested in United States bonds, and was so stated on the face of the tax bill. (*c*) There was then nothing upon the face of the assessment or tax bill authorizing the collection of any tax against this company — certainly nothing authorizing this. (42 Mo. 426.)

II. It being altogether illegal, the officer can not justify under the warrant. (State, etc., v. Shacklett, 37 Mo. 280, and cases cited; Hann. & St. Jo. R.R. v. Shacklett, 30 Mo. 550.)

III. The case of Glasgow v. Rowse, 43 Mo. 479, holds no doctrine antagonistic to this.

IV. The assessment and tax was illegal and unconstitutional, if held to be a taxation upon shares, in requiring it to be paid by the corporation.

V. If the instruction given by the court be correct, then so long as the officer can find personal property to levy upon, no person can resist the payment of an illegal tax. Nor is it any

answer to say that the corporation can be made to pay the same tax by re-assessing the shares of stock in the rightful owner. It is of the greatest importance that the officers should comply with the law and make their assessments legally. If they do, and the bank pays, the law provides the way in which it may get back the amount paid by it for the individual stockholder.

*H. A. Clover* and *L. Gottschalk*, for respondent.

I. Although the capital stock of the corporation invested in the bonds of the United States is not subject to taxation by the State, the shares of stock of a corporation, although every dollar of the capital is invested in United States bonds, are subject to taxation by the State.

II. Whether the assessment was in proper form or not, the defendant can not be held liable as a trespasser. He is protected and justified by the tax bill, and is perfectly defended as a ministerial officer charged by law with the execution of process. (Glasgow v. Rowse, 43 Mo. 480; Turner v. Franklin, 29 Mo. 285; Milburn v. Gilman, 11 Mo. 64; Davis v. Packard, 10 Wend. 71; Coleman v. McAnulty, 16 Mo. 176.)

BLISS, Judge, delivered the opinion of the court.

This case has been once before us, and is reported in 42 Mo. 421; it has been again tried, and under the following instruction a verdict was given and judgment was rendered for defendant:

"The court declares the law in the above-named case to be that even though the assessment of the capital stock of the plaintiff was not in accordance with the mode prescribed for assessing a tax against corporations, yet if the proper officers did assess the tax and place the tax bills in the hands of defendant for collection, and he was the proper person to collect taxes and was authorized by law to make seizures in case of non-payment of taxes, then plaintiff can not recover in this action."

This instruction in reference to the undisputed facts of the case is strictly correct. If the capital stock of plaintiff, either as shares of stock or as property of the corporation, was entirely exempt from taxation, so that the assessor had no right to med-

dle with it or to list it in any form, then his proceeding would have been void, and would have been no protection to the collector acting under the assessment furnished him. But the collector is an executive officer, and has always been protected by his precept, unless it appears upon its face to have been issued against property wholly exempt from taxation. Mere errors and irregularities in the manner of listing, in the name of the supposed owner, or in any other respect not to render the paper void, will not excuse the collector from the performance of his duty. There may be irregularities that would make the action of the assessor a nullity, but the ordinary mistakes into which he falls can have no such effect. The law makes ample provision for correcting all such mistakes before the assessment goes into the collector's hands, and if the property-holder fails to avail himself of his opportunity, it would be a great hardship to subject the collector to the penalties of a wrong-doer, for errors not his own.

In the case at bar, the assessor furnished the plaintiff's officers with the usual blank for returning their property for assessment. Instead of delivering "to the assessor a list of all shares of stock held therein and the names of the persons who held the same," as required by law, they made return as follows:

The capital stock of this association on the 5th day of September, 1864............................................................................................ $292,600
Of which capital stock the association had invested on that day in United States bonds, which are exempt from taxation by law......... 70,500

Amount subject to taxation, less the return of real estate................. $222,100

The assessor assessed the real estate, describing it, at $30,120, and the capital stock returned as above as " shares of stock in incorporated companies, $292,600."

The plaintiff's officers appealed to the County Court, who very properly struck off the valuation of the real estate as being included in the " shares of stock," etc. The tax was cheerfully paid upon the whole amount except the $70,500 claimed to be invested in United States bonds, which was only paid upon compulsion, and this suit is to recover the assessment upon that amount.

St. Louis Building and Savings Association v. Lightner.

It should be noticed as affecting the question of personal liability of the collector that the plaintiff's officers made no objection to the mode of assessing the capital stock, including the bonds. The president, Mr. Coste, testifies: "The bank never protested against paying taxes in the way we were assessed. We objected to pay this tax (on the United States bonds) because we did not think it was taxable in any shape. If the tax bill had been made against the shareholders instead of against capital stock, I can't say what I should have done. I was making objection to the taxing of the $70,500 bonds, not to the manner of assessing." Now, while it is true that the United States bonds, as such, can not be taxed, it is also true that the shares of the capital stock of a corporation can be taxed at their true value, although part or the whole of it may be invested in such bonds. (National Bank v. Commonwealth, 9 Wall. 353.) Thus they are in effect taxed as affecting the value of the shares of the stock; and had the plaintiff's officers furnished the assessor the names of the shareholders, with the amount of stock held by each, their shares would have been so assessed as to cover the value of their bonds, and it would have been the duty of their officers to pay this tax on behalf of the shareholders. The president says that he returned to the assessor the amount of the capital actually paid in, and no losses being shown, the aggregate value of the shares would not be less; hence, if the assessment had been altogether regular, the plaintiff would have paid precisely what was collected by defendant. Making no objection upon the ground of the irregularity, and being themselves a party to it, and it appearing that the claims of the assessor were substantially correct, upon no principle should the plaintiff's officers be permitted to say that his error in assessing the shares to the bank instead of its stockholders rendered the assessment void and the collector a trespasser. The amount was paid under protest, not because the value of the bonds was not assessed to the shareholders, but because it was included in any assessment.

When the case was here before, no question had been raised in the Circuit Court in regard to the personal liability of the defendant, and the only point determined was that the bonds were not

subject to taxation. The case of The St. Louis Mutual Life Ins. Co. v. Charles, in many respects similar to the present, has been before us at this term, in which we held that the collector was not liable as a trespasser, notwithstanding the property of the company had been assessed instead of the shares of stock. Conforming to the doctrine of that opinion, the judgment will be affirmed. The other judges concur.