WILLIAM H. LEE, Plaintiff in Error, *v.* JOHN C. B. THOMAS, Defendant in Error.

1. *Revenue—Lots held for farming—Tax upon—Collector, when not liable.*—
It was competent for the Legislature to exempt from taxes of the city of Palmyra, land held and valuable only for agricultural purposes, and not laid out in town lots. (See act of Dec. 11, 1855.) But under the revenue ordinance of that city its assessor was authorized to ascertain these facts, and if the party assessed were dissatisfied with his decision he could subject it to review before the city council. And having failed to do so, he cannot hold the collector of that city in a direct action for the amount of tax collected against him on such land.

### *Error to Marion Circuit Court.*

*H. S. Lipscomb*, with *Dryden & Dryden*, for plaintiff in error, cited State v. Shacklett, 37 Mo. 283 ; Elliott v. Swartout, 10 Pet. 137; Hearsey v. Pryn, 7 Johns. 179 ; Ripley v. Gelston, 9 Johns. 201 ; Fry v. Lockwood, 4 Cow. 454.

*H. M. Boulware*, for defendant in error.

The tax list showing jurisdiction of the subject-matter, and being entirely regular, the defendant is protected. (St. Louis Mutual Life Ins. Co. v. Charles, 47 Mo. 462 ; St. Louis Building and Savings Ass'n v. Lightner, *id.* 393 ; Glasgow v. Rowse, 43 Mo. 479 ; State, etc., v. Shacklett, 37 Mo. 280 ; State, etc., v. St. Louis County Court, 47 Mo. 594 ; Turner v. Franklin, 29 Mo. 285 ; Milburn v. Gilman, 11 Mo. 64.)

Bliss, Judge, delivered the opinion of the court.

Defendant was tax collector of the town of Palmyra, and seized personal property of plaintiff to make the amount of a town tax assessed upon his real estate. He paid the tax upon compulsion and under protest, and brings this suit. Several technical questions are raised upon the record, but I will consider only the one pertaining to the liability of defendant.

It is not disputed that a formal assessment was made upon plaintiff's property, and that the tax list in the collector's hands contained such assessment, but the plaintiff claims that the land was not subject to taxation, and hence that the assessor had no jurisdiction over it. He claims an exemption under act of December 11, 1855, supplementary to the act of incorporation, which provides as follows :

" Section 1. All lands contiguous to the town of Palmyra and recently brought into the limits of the city of Palmyra by the act to which this is supplementary, which are valuable only to be used for agricultural purposes, are hereby exempt from taxation for city purposes.

"Sec. 2. This exemption shall only apply to such lands as have not been laid out in lots or blocks by the owners and proprietors

8—VOL. XLIX.

thereof; and the true intent and meaning of this act is to exempt land from taxation which is used and held in good faith for agricultural purposes, and which has not been laid out in blocks and lots by the owners and proprietors thereof as aforesaid."

Plaintiff's land consisted of three acres, and upon the trial he offered to prove that it was valuable only to be used for agricultural purposes and was so held by him in good faith, and had not been laid out in lots and blocks. This he was not permitted to do, whereupon he suffered nonsuit and appealed.

It was competent for the Legislature to exempt this class of property from town taxes, but the question first arises whether the plaintiff has taken the proper steps to avail himself of this exemption, if in fact he came within it. The ordinance pertaining to revenue provides that the assessor shall assess all lands and property subject to taxation, and the mayor and council shall "sit as a court of appeals, to hear and determine all appeals from the assessment of the assessor, and to correct all errors that may be found in his lists." The law and ordinance thus have provided tribunals for determining what property was subject to taxation, and it was the duty of the assessor in the first place to decide whether the plaintiff's property was so subject — *i. e.*, whether it was valuable only for agricultural purposes and was used in good faith for such purposes, and had not been laid out in lots, etc., subject to appeal to the city court of appeals. Here are certain questions to be decided, upon the decision of which depends the lawfulness of the assessment. The city authorities had jurisdiction over the property to determine these questions, and, according as they were determined, to assess it or exempt it from taxes. It is not a case of absolute exemption, but depended upon conditions upon which it was the duty of the assessor to pass; and if the plaintiff was dissatisfied with his decision he could subject it to review. He has not done that, but has chosen to pursue the collector for simply doing his duty. If the exemption was absolute, the collector would be bound to know it, and would be a trespasser for enforcing the collection of a tax upon it. But being conditional, with a tribunal to pass upon these conditions, the collector had a right to suppose — indeed, it was his duty to suppose —

that the decision of that tribunal was correct, and he could look alone to his precept.

The plaintiff, then, has mistaken his remedy. He should have availed himself of the opportunity the law affords him to see that his property was properly assessed, and the collector is not liable unless it appear that the property was absolutely exempt from taxation. In that case he must take notice of the law, and he proceeds at his peril. (State v. Shacklett, 37 Mo. 280 ; Glasgow v. Rowse, 43 Mo. 479 ; St. Louis B. & S. Association v. Lightner, 47 Mo. 393 ; St. Louis Mut. Life Ins. Co. v. Charles, *id.* 462.)

The other judges concurring, the judgment will be affirmed.