WILLIAM W. WALDEN, Defendant in Error, *v.* WILLLIAM H. DUDLEY, Plaintiff in Error.

1. *Collector — Lands used for agriculture — Assessments irregular and void — Remedy.—* A county collector is not personally liable for levying on land embraced within town limits and regularly assessed for town taxes, although the lands were used exclusively for agricultural purposes. It is his duty to collect all taxes contained in the assessor's list; and he has no discretion in the matter, except where property is expressly exempt from taxation by law, and the assessment is simply void. Where there is any liability he is bound to levy, and cannot be held personally liable because the levy was irregular. It was the duty of the party assessed to object to the assessment, and, if it went against him, to review it by a direct proceeding in the city court of appeals.

2. *Chillicothe — Corporate limits.—* The act of March 4, 1869 (Sess. Acts 1869, p. 96), extending the corporate limits of the city of Chillicothe, Mo., is constitutional.

3. *Costs — Re-taxation of — Supreme Court.—* The Supreme Court will in a proper case re-tax excessive costs charged by the clerk of the lower court.

*Error to Livingston Circuit Court.*

*W. C. Samuel,* for plaintiff in error.

I. The act of the General Assembly, approved February 26, 1869, extending the corporate limits of the city, is not in conflict with the constitution. (Cooley Const. Lim. 192–3; St. Louis v. Allen, 13 Mo. 400; St. Louis v. Russell, 9 Mo. 503; Sharp v. Dunavan, 17 B. Monr. 223; Weeks v. Milwaukee, 10 Wis. 242, 262; Langworthy v. Dubuque, 16 Iowa, 271.)

II. The act extending the boundary of the city was not an act granting a new charter or franchise, but was a mere enlargement of and auxiliary to that which it already possessed under its original charter. (2 Allen, 29; 2 Gray, 58.)

III. The city of Chillicothe was a corporation with full power to levy and collect taxes before the adoption of the new constitution; therefore section 5, article VIII, has no application to this case.

*Collier, Broaddus* and *Pollard,* for defendant in error.

The act of February 26, 1869, is unconstitutional, in so far as it includes plaintiff's residence and farm within the corporate limits of Chillicothe: (1) Because the constitution does not

Walden v. Dudley.

expressly confer the power upon the Legislature to enlarge the corporate limits of towns and cities, so as to embrace vacant or cultivated lands or farms lying near or adjacent thereto, nor is the power included in the grant of legislative power. (22 Mo. 387; 9 B. Monr. 330 ; 8 Iowa, 82 ; 4 Hill, 145.) (2) Because the power to pass said act by the Legislature is expressly prohibited in the constitution in this : it provides that "no person shall be deprived of his life, liberty or property, except by the judgment of his peers or by the law of the land ;" and it further provides that "no private property ought to be taken or applied to public use without just compensation." (1 Dana, Ky., 481 ; 5 Dana, Ky., 28 ; 6 Barb. 507; 4 Harr. 479 ; 4 Hill, 145 ; 9 Gill & J. 365 ; 7 Gill & J. 365 ; 7 Gill & J. 7.) (3) Because at the time said act was passed extending the limits of the city of Chillicothe, there were less than 5,000 permanent inhabitants in said city, and neither the people thereof, nor the people residing within the new limits embraced by said act, by a direct vote or otherwise, decided in favor of the incorporation of such new limits. (Const. Mo., art. VIII, § 5.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff is the owner of real estate within the extended corporate limits of the town of Chillicothe, which was regularly assessed for town taxes. He claims that the land is used exclusively for agricultural purposes ; that it is not laid out in lots and blocks, and is not liable to municipal taxation ; and he brings this suit against the collector to recover property seized for the payment of the tax. The plaintiff does not claim any express exemption by statute, but only that the Legislature has no power to include farming land within corporate limits so as to subject it to corporate taxation.

We cannot pass upon the question in this form of action. The collector is an executive officer. In general it is his duty to collect all the taxes contained in the assessor's list. He has no discretion in the matter, and is liable for the non-performance of his duty. The exception is that where property is expressly exempt from taxation by law, then the assessor has no jurisdic-

tion, the assessment is simply void; he has no right to collect it. Accordingly we have uniformly held that the collector is not personally liable where the assessment has been irregular, provided there was any liability; and on the other hand, that he is liable when the property is wholly exempt. (St. Louis B. & S. Ins. Co. v. Lightner, 47 Mo. 393; St. Louis M. Ins. Co. v. Charles, *id.* 462, and other cases not yet reported.)

It may be said that the case does not come within the principle that exonerates the collector from liability, for the reason that the property is exempt under the general provisions of the constitution forbidding the Legislature from taking private property without compensation, etc. It may be that the Legislature may, in a given case, so abuse its power by improperly extending corporate limits — thereby including and subjecting to corporate taxation property that really does not belong to the corporation — that courts would be authorized to interfere and release such property. If they were to do so, it would not be upon the ground that courts could interfere with legislative discretion as to the geographical limits of municipal corporations, but that they might restrain the assessment of taxes upon lands presumptively outside of any corporation boundary, and annexed merely for the purpose of subjecting them to taxation to support such corporation. This *animus* of the legislative body must, it is true, be arrived at from the situation of the property, its uses and its relation to the corporation. Yet the question involves judicial inquiry and the most serious consideration. It is purely a judicial one, and ought not be decided — cannot properly be decided — by tax collectors. Were the property expressly and unconditionally exempt and by plain description, the collector would be bound to know it; but it is asking altogether too much of him to decide that a legislative act within the scope of legislative power is void or valid, according to the secondary object of its enactment. It would be a grave exercise of power even by a judicial body, and the power is altogether beyond that of an executive officer.

It is true that executive officers are bound to know the law, and are bound in some cases to know the limits of legislative authority. Thus, it has been sometimes held that they are responsible for the

forcible collection of taxes from those who by charter are exempt from taxation, notwithstanding a subsequent illegal attempt by the Legislature to violate the charter in that regard. But these cases are not like the present one. The Legislature had parted with its right to assess the specific tax, and the attempted resumption of that right was held to be an act altogether void, the matter for the time being having passed out of its jurisdiction. But in the case at bar the general jurisdiction is admitted. The collector finds the property placed by the Legislature within corporation bounds which it had a right to fix; he also finds the property assessed by competent authority, and what is he to do? Can he say that this legislative act was improper? that it was dictated by a wrong motive? that its object was to compel neighboring farmers to help pay corporation expenses? And coming to this conclusion, can he remit the tax? I think not. Before the property is exempt, several judicial questions must be decided; and it was the plaintiff's duty to object to the assessment, and, if the decision was against him, to review it by a direct proceeding in the city court of appeals. (Lee v. Thomas, *ante*, p. 112.) I do not intend to express any opinion upon the question sought to be raised, but only to say that it cannot come up in a suit against the collector.

The plaintiff makes one claim, however, which, if legitimate, goes to the authority to make any assessment outside of the old city limits; and, by depriving the city authorities of any jurisdiction, would leave the collector without any protection. The corporate limits of the city were extended on March 4, 1869 (Sess. Acts 1869, p. 96), and the extension is claimed to have been made without constitutional authority. This claim goes to the general power of the Legislature to extend the corporate limits of the town; and as to those provisions of the present constitution in common with the old one, the claim has been before made and rejected by this court. (City of St. Louis v. Russell, 9 Mo. 507; City of St. Louis v. Allen, 13 Mo. 400.) Nor can it be sustained by the requirement of section 5, article VIII, of the present constitution; for that, by its terms, applies only to cities thereafter to be incorporated.

The circuit clerk has sent up a record of 124 pages, for which he has taxed the sum of $65.59. Of this fifty-four pages belong to the record of the case, and even that contains many things that should have been omitted. It is made our duty by statute to re-tax against the clerk costs thus improperly made.

The judgment of the Circuit Court will be reversed; and in rendering judgment for costs, the sum of $34 will be taxed against the clerk. Judge Wagner concurs. Judge Adams absent.