Stone, J.
Several of the objections taken on behalf of' the plaintiff to the proceedings of the city council are, in our judgment, without foundation. In the first place, it is said that the preliminary resolution required by section 563 of the municipal code, declaring the necessity of the-proposed improvement, was not adopted with the formalities prescribed by section 78. It was not read on three-different days, nor was such reading dispensed with by a vote of three-fourths of the members elected. Whether this section is to be regarded as directory merely, or Whether a compliance with its requirements constitutes, in any case, a condition precedent to the validity of any resolution or ordinance falling within its provisions, it is not necessary now to determine. The resolution in question was not, in our judgment, one of that character. It was-not a resolution of either a general or permanent nature. It did not relate to the streets of the city generally, but to a particular street, and a particular improvement. It made no provision for the future; it prescribed no rule of conduct or' duty, but simply declared an existing fact. Blanchard v. Bissell, 11 Ohio St. 96. As a resolution expressive of the conclusion of council that the improvement was-necessary, its office was accomplished upon its adoption- *241 It was required to be published, that all persons interested' might have notice of the fact that it had been adopted.
In the second place, it is said that, with respect to this resolution, the provisions of section 100 of the code, relating to the recording of by-laws, resolutions, and ordinances, were not complied with. The resolution was recorded in the journal of the council, but not in a book kept for that purpose. That this' provision, with respect to the particular book in which the record is to be made, is merely directory, and was not intended to affect the validity of any resolution or ordinance, is manifest. No negative words are used in connection with this requirement, while, with respect to another provision of the same section, relating-to the same subject-matter, words of negative import are-employed. • Ordinances are to be recorded in the particular book referred to, and they are also to be published. Until published, they are not to take effect; but no such condition is annexed to the provision relating to the record. It-is also claimed that the council, having adopted the plan of assessing the abutting lots by the foot front, were, by section 543 of the code, precluded from fixing any rate which, in the aggregate, as to any of the abutting lots, would amount to more than twenty-five per centum of their value as appraised for taxation.
The section referred to will not bear this construction. As amended by the act of May 2,1871, it is in these words:
“ Sec. 543. In no case shall the tax or assessment specially levied or assessed upon any lot or land, for any improvement, amount to more than twenty-five per centum of the value of such lot or land, as assessed for taxation; the cost exceeding the said per centum, that would otherwise be chargeable on such lot or land, shall be paid by the corporation out of its general revenue.”
The council was authorized to cause the assessment to be made upon the abutting lots, either by the foot front or according to their taxable value. In either case, this section limits the assessment to twenty-five per centum of the *242 value of the lots assessed, and it plainly contemplates that, ■when the former mode is adopted, a rate by the foot may lawfully be fixed, which, as to some of the lots, will exceed that limit. It provides for the relief of such lots, by requiring the excess to be paid from the city treasury, and, in this respect, deals with each lot separately. It is said that the rate in such case is not uniform, and that injustice results. A sufficient answer is that the rule is uniform; and to say that injustice results, is to assume that taxation by quantity, without regard to value is- the only just mode. Under the operation of this rule', if the rate fixed, as to any of the lots, exceeds twenty-five per centum of their value, an assessment by the foot front approximates, more or less closely, an assessment according to value. If the aggregate amount to be assessed is sufficiently large, it matters not which mode is adopted; the result of either is the same.
It is also claimed, on behalf of the plaintiff, that the preliminary resolution was not published, or, if it is to be regarded as having been published at all, that it was so misdescribed that there was, in this particular, a substantial failure to comply with the requirements of the statute; and it is insisted, upon the authority of Welker v. Potter, 18 Ohio St. 85, that the adoption and due publication of this resolution was a necessary prerequisite to the exercise of the power to charge, by special assessment, any part of the cost of the improvement upon the adjoining property. That case is not, however, in our judgment, applicable under the present statute. The statute under which it arose provided, in substance, that it should be the duty of the city council, where it was deemed necessary to improve a street, and charge the cost thereof upon the abutting lots, to declare, by resolution, the necessity of such improvement. The resolution was required to be published, and, within a limited time thereafter, all persons claiming damages, by reason of the proposed improvement, were required to file their claims, or be forever barred from asserting them. These preliminary steps having been taken, and the time for presenting claims having expired, the statute provided *243 that it should then be lawful for the city council to provide for making the improvement, and for charging the cost thereof upon the abutting lots. The curative provisions of that statute related only to irregularities and defects in the ordinance, in the plans and estimates, and in the pro■ceedings of the board of city improvements, and did not reach the preliminary resolution. It is also to be observed ■that, under the statutes then in force, the city council had full power to improve the streets of the city, without adopting the preliminary resolution referred to. Such resolution was necessary only when the cost of the improvement was to be charged upon the adjoining property.
Under this condition of the statute law, it was held, in the case referred to, that the adoption and due publication of the resolution declaring the improvement necessary were conditions precedent to the exercise of the power to order the improvement, and charge the cost thereof upon the abutting lots. '
The preliminary resolution required by the statute now in force, under which the present case arises, has no special relation to the mode by which the necessary means are to he provided for paying for the improvement. Whether the cost of the improvement is to be assessed upon the adjoining property, or provided for, in whole or in part, by a general levy upon all the property subject to taxation within the limits of the corporation, is a question afterward to be determined. In either case, the provisions in relation to the adoption and publication of the preliminary resolution are alike applicable; and if the failure of the council to comply with these provisions would, in the one case, avoid this subsequent proceeding, it would have, it would seem, the same efíect in the other.
The result would be, that, although the work should be subsequently contracted, and the improvement made, the corporation would be without power to comply with the contract on its part, or to make compensation for the work done. The adjoining proprietors and the city would have the benefit of the improvement, but neither would *244 be under obligation to pay for it. That this result, in a. case where the improvement has been made, was not intended by the legislature as a consequence, of such defect, may well be presumed, and is made clear by other provisions of the statute.
The present act, like the one under consideration, in< Welker v. Potter, fixes a time after the publication of the resolution within which claims for damages to any lot or' land occasioned by the improvement must be presented but, unlike that statute, it, in substance, provides, in section 571, a mode of assessing such damages in any case where-the party sustaining them, although he has not presented his claim within the time limited, is nevertheless, by reason of defects or omissions in the proceedings before provided for, not precluded from asserting it. And section. 550, referring to the proceedings authorized by the next preceding section for the collection of the assessment, provides-that, “ If, in any such action, it shall appear, that by reason, of any irregularity or defect, whether in the proceedings of the board of improvements or of the council, or of any other officer of the corporation, or in the plans or estimates, the assessment has not been properly made against any defendant, or upon any lot or land sought to be charged,, the court may, nevertheless, on satisfactory proof that expense has been incurred, wdiich is a proper charge against' such defendant, or the lot or parcel of land in question, render judgment for the amount properly chai’geable against such defendant or on such lot or land.” And section 551 provides that, “ Whenever it shall appear to the council that any special assessment is invalid by reason of, any in-formalities or irregularities in the proceedings, or when any court of competent jurisdiction shall adjudge any such assessment to be illegal, the council, whether the improvement has been made or not, shall have power to order a reassessment.”
Whether the publication of this resolution was so substantially defective that it was not constructive notice to-parties claiming damages on account of the proposed im~ *245 provement, and not sufficient, therefore, to bar them from •asserting their claims after the time limited, is a question which does not now arise. It is sufficient for present purposes to say that, if the defect, as between the present parties, is to be regarded as substantial, it falls within the •above-cited curative provisions of the statute.
Section 562 of the code, as amended by the act of April 18, 1870, required, in the circumstances of the present case, advertisement for bids for the construction of the proposed ■■improvement to be published four weeks, in two newspapers published in the city. This provision was evidently intended for the protection of the tax-payer, and must be ■regarded as peremptory. It was designed to secure competition among contractors, and prevent favoritism and fraud. Not having been complied with, the defect is sub•stantial. It goes to the legality of the contract and of the .«ubsequent assessment. The contract having, however, been let, and the work done, the curative provisions of the •statute apply, and new relations between the parties arise. The result is, that while an assessment, regularly made, if ■the prior proceedings had been, in all substantial particulars, in accordance with the statute, would have been con■clusive, and would have constituted or made a legal charge upon the property included in the assessment. The statute not having been complied with in the particular last (referred to, the assessment is not conclusive, and is to be enforced only to the extent that expense has been incurred which is properly chargeable against the property assessed. The defect in the present case going to the legality of the contract, the property-holder, upon the question of the amount of the expense incurred, is not concluded by the ■contract price. The inquiry upon that subject is : "What, ,at fair and reasonable prices for labor and material, ought the improvement to have cost ? Upon the question whether the expense, or what portion of it, if any, is, within the meaning of the statute, properly chargeable upon the adjoining property, the ordinance under which the work was done and the assessment made must be regarded as conclu *246 sive. The statute leaves it to the city council to determine whether'an improvement of this character shall, subject to the limitations of section 543, be charged upon the adjoining property, or provided for, in whole or in part, by a levy upon all the taxable property within the corporation. The discretion thus vested in the council is a legislative discretion, and, in the present case, was exercised at the jjroper time, before the work was done or the contract let, by the passage of the oi-dinance of May 1, 1871.
It is apparent from these considerations that the penalty of ten per centum charged upon the amount assessed was-illegal. The assessment not being in itself a conclusive,, legal charge, and being enforcible only to the extent that' it is made to appear that expense has been incurred which is properly chargeable upon the property, no penalty attached. Upon this ground, therefore, the plaintiff is, to-this extent, entitled to relief. Beyond this, if it appeared, that no more, in the aggregate, than the reasonable value-of the work actually done was ratably charged’ upon the-abutting lots, as required by the ordinance under which the-improvement was made, there would be no ground for the exercise of the equitable jurisdiction of the court here sought to be invoked. But this does not appear. It is-not, indeed, alleged that the work, at the contract price,, cost more than it was reasonably worth; but the assessments include work not yet done, and with respect to-which, therefore, no expense has been incurred which, under section 550 of the act, is properly chargeable upon the-abutting lots. The two assessments were both invalid,, because not uniform, and because neither were made-upon the basis of including, as the ordinance required, all the lands abutting on the street. Taken together, they imposed a uniform rate upon the property assessed, but neither included the land of Chapman. His land abutted upon the street improved. It was annexed to the ■ city after the improvement was ordered, but before it was completed, or any enforcible assessment made. "We think the council should have caused this land to be included in the *247 assessment. Municipal Code, sec. 561. Whether the city was authorized to make, and, notwithstanding the annexation, is bound by its contract with Chapman, or whether, in the actual circumstances, such assessment as against the latter could be enforced, are questions which can not now be determined. However that may be, the other lot-owners have the right to insist that the amount charged on their respective lots be fixed upon the basis of including in the assessment all the lands abutting on the street.
It is insisted, on behalf of the defendants, that the suit can not be maintained as a suit on behalf of the plaintiff and the other persons he assumes to represent. Eor myself, I am willing to say that I think the objection well taken. The petition ought, in my judgment, to be regarded as the petition of the plaintiff, Upington, alone, and the allegations with respect to the other parties he assumes to represent be treated as surplusage. My brethren are, however, of the opinion, that, under the code of civil procedure, the action is well brought by the plaintiff on his own behalf and on behalf of the other parties named in the petition; and such, therefore, is the decision of the court. Glenn v. Waddell, 23 Ohio St.
Eor the reasons indicated, the judgment of the District Court must be reversed, and the defendants enjoined from collecting the assessment made, but without prejudice to the right of the city to cause an assessment to be made and collected as provided by law.

Judgment accordingly.

Day, C. J., McIlvaine, Welch, and White, JJ., concur-