ANDREW GIBONEY, Plaintiff in Error, *vs.* CITY OF CAPE GIRARDEAU, Defendant in Error.

58  141
34a 534

58  141
42a  21

58  141
126 431

58  141
84a  40

1. *Constitution—Extension of city limits—Legislative power—Taxation.*—An act of the legislature enlarging the limits of a municipality, and thereby bringing within its area and subjecting to municipal taxes against the owner's consent, farm property lying outside of the actual city limits, is not, by reason of such facts, unconstitutional. Such act is a proper exercise of legislative power and discretion.

*Error to Cape Girardeau Circuit Court.*

*Louis Houck,* for Appellant.

I. The power of the legislature to extend the city limits of a city is not denied, and indeed the doctrine is well settled in this State. (See St. Louis vs. Russell, 9 Mo., 507; St. Louis vs. Allen, 13 Mo., 400.) But while this power of the legislature is conceded, the plaintiff in error denies that the legislature can require farm lands, not valuable for city property, to contribute to the municipal treasury.

In Kentucky the principle has been adopted, that the "courts will, in such cases, control and limit the taxing power to that point or line where it ceases to operate beneficially to the proprietor in a municipal point of view." (Cheaney vs. Hooser, 9 B. Mon., 330; Sharp vs. Dunover, 17 B. Mon., 223; Maltus vs. Shields, 2 Met., [Ky.] 553; Southgate vs. Covington, 15 B. Mon., 491.) Suburban property in Kentucky cannot be embraced in municipal limits merely for revenue purposes. (Arbequest vs. Louisville, 2 Bush. [Ky.], 271; Durant vs. Kauffman, and Mitchell vs. Davenport, June term, 1872, of the Iowa Supreme Court, cited in Dillon's Mun. Corp. [1st. Ed.], 598; Longworthy vs. Dubuque, 16 Iowa, 407; Bradshaw vs. Omaha, 1 Neb., 16; Benoist vs. City of St. Louis 15 Mo., 671-2; Walden vs. Dudley, 49 Mo., 421; Lee vs. Thomas, 49 Mo., 112.)

*C. G. B. Drummond,* for Defendant in Error.

I. The extension of the limits of the city of Cape Girardeau, and the taxation of the annexed territory, for city purposes, are constitutional. (Weeks vs. City Milwaukee,

10 Wis., 262–3; Powers vs. Com'rs Wood Co., 8 Ohio St., 285, 290; Baker vs. State, 18 Ohio, 514; City Zanesville vs. Auditor Muskingum Co., 5 Ohio, 592; Blanchard vs. Bissell, 11 Ohio, 96; Knowlton vs. Supervisors Rock Co., 9 Wis., 410; Cooley 500, note 1, 504; St. Louis vs. Russell, 9 Mo., 511–12; St. Louis vs. Allen, 13 Mo., 409–415; Benoist vs. St. Louis, 15 Mo., 671–2; Walden vs. Dudley, 49 Mo., 422; 5 Branch, 1; Blackw. Tax Tit., 164, and authorities, note 2; People vs. Wren, 4 Scam., 273; 21 Ill. 457; 8 Blackf. [Ind.], 361; Theo. Lyman vs. Luke Fiske, 17 Pick., 222; 21 Penn., 607; 11 *Id.*, 62; 9 Hump., 252; 13 Ill., 516; 5 Gilm., 405; 15 Conn., 475; 8 Leigh, 120; 3 Gratt., 247; 2 Jones, 171; 24 Wend., 65; 4 Comst., 419; 14 Barb., 559; 24 Barb., 232; 38 N. Y., 38.)

II. The local benefit and necessity in such cases are matters wholly for legislative determination. (Hamilton vs. St. Louis Co. Ct., 15 Mo., 26; State *ex rel.*, St. Louis, Police Com'rs vs. St. Louis Co. Ct., 34 Mo., 570; Benoist vs. St. Louis, 15 Mo., 671; Egyptian Levee Co. vs. Hardin, 27 Mo., 496; 13 N. Y., 143; 19 N. Y., 116.)

Napton, Judge, delivered the opinion of the court.

This case involves substantially the same question decided by this court in Allen vs. City of St. Louis, (13 Mo., 400); Russell vs. City of St. Louis, (9 Mo., 507); Lee vs. Thomas, (49 Mo., 112); and Walden vs. Dudley, (49 Mo., 421); the two last cases having sanctioned the doctrine decided in the two first.

The complaint of Giboney is, that the legislature has legislated his farm into the city of Cape Girardeau, though it is actually a mile or more from the real town, and separated from it by the college tract, and he insists that as his farm cannot be divided into town lots and has received no increase of value by reason of being adjacent to Cape Girardeau, he ought not to be subjected to municipal taxation.

His complaint may be a just one; whether it is or not, this court would hardly be qualified to decide. The fun-

damental question in these cases is, whether the question is a judicial or legislative one, and our court has decided that it was a legislative one, and we think this decision was right.

It is the duty of the legislature, in creating municipal corporations, to see that no power is given to them in regard to taxation, which may be abused. As to the judiciary, they have no revision of legislative discretion on this subject, and they have no responsibility for mistakes in legislation. If Mr. Giboney's farm has been incorporated within the city of Cape Girardeau by the charter granted to that city, the legislature that granted the charter is responsible. It was a matter of legislative discretion. The courts have no power to prevent such laws.

When this power has been assumed by the judiciary, as in Iowa and Kentucky, the embarrassment has been obvious. Thus, in Iowa (Fulton vs. Davenport, 17 Iowa, 404), the court had no hesitation in deciding that whenever the owner of a tract of land, embraced within the bounds of a municipality, laid it out into town or city lots, it was liable to taxation as city property; and even when this had not been done by the owner, but was in such close proximity to the settled and improved parts of the town that the corporate authorities could not open and improve streets and alleys and extend to the inhabitants the usual police regulations without incidentally benefiting the proprietors of such property by these personal privileges and accommodations, or in the enhancement of that property, the power to levy taxes also arose, but *that it should be exercised with great circumspection.*

And the court, applying this rule to the facts reported to them by a referee, concluded that the property taxed occupied no such attitude towards the improved parts of the town as to subject it legally to municipal taxation.

In arriving at this conclusion the court necessarily assumed itself to be wiser than the legislature of the municipality which determined otherwise, and wiser than the legislature of the State which had conferred the power on the municipality to decide the question. And the opinion in this case was merely

in affirmation of previous ones, and was subsequently adhered to.

In our opinion it is not a judicial question. Undoubtedly, legislatures should be cautious in investing such power in a municipality, and should provide restrictions to prevent an abuse of the power. This is generally done, and if, in the case of the charter of Cape Girardeau, this restriction was omitted, the remedy is by a change of law.

The opinion of the Supreme Court of Kentucky, in Cheany vs. Houser, (9 B. Mon.) presents the same difficulties that are obvious in the Iowa decisions. The argument of the learned judge in that case to point out the circumstances where legislative discretion ceases and judicial interposition is allowed—where taxation becomes confiscation, or taking private property for public use without compensation,—is based on refinements and distinctions difficult to be comprehended, and still more difficult to be enforced; and we think, so far as the case decided was concerned, mere abstractions for the judgment of the court was in favor of the validity of the tax.

This subject was fully discussed in St. Louis vs. Allen, (*supra*) and decided according to the previous case of Russell vs. St. Louis, (9 Mo., 511) and the opinion subsequently adhered to, and the result of these decisions was, that the power of extending the limits of municipalities or of diminishing them, was a legislative power, and the power of taxation, if granted in the charter, was also intrusted to the municipal legislature, and the judiciary had no right to interfere unless the taxation was of a character prohibited by the Constitution. It is not claimed in this case that the taxation, conceding the right to tax, was in conflict with any constitutional provision, but simply that no right of taxation at all existed, on the ground that Giboney was not within the *actual* town or city, though confessedly within the limits as fixed by the charter. And this merely comes back to the question of the power of the extension which, as we have stated, is settled in this State.

And it may be added, as a reference to the numerous authorities cited in the learned brief of the defendant's counsel will show, that this doctrine as settled here has the sanction of, and is in conformity to, the views entertained by nearly all, if not all, the American courts, except those above referred to in Iowa and Kentucky.

Judgment affirmed.; the other judges concur.