THE CITY OF KANSAS, *Appellant*, v. COOK.

**Extending City Limits**: EXEMPTING NEW TERRITORY FROM TAXATION: CONSTITUTIONAL LAW. The 3rd section of the act of March 11th, 1873, extending the limits of Kansas City, (Acts 1873, p. 282,) declared that no subdivision of land in the annexed territory containing over five acres should be subject to city taxation. *Held*, that this did not violate those provisions of the constitution which prohibit the exemption of private property from taxation, and require all to be taxed in proportion to its value. The Legislature had a right to grant the extension on such terms as it thought proper. *Held, also,* that if this section were unconstitutional, the whole act would be, as immunity from city taxation for such tracts was the only condition on which they were annexed; so that whether section 3 was constitutional or not, such tracts were not liable to city taxation.

*Appeal from Jackson Circuit Court.*—HON. SAM'L L. SAWYER, Judge.

*J. Brumback* for appellant.

*M. Campbell* for respondent.

NAPTON, J.—This was a suit by the city for taxes of 1874 and 1875, on a tract of land, owned by Cook, of seventeen and one-half acres, which was included in the new limits of the city as fixed by the act of March 14th, 1873. The 3rd section of this act exempted from city taxation all subdivisions of land over five acres, but it is insisted that this exemption was unconstitutional, because the constitution declares that " all property subject to taxation ought to be taxed in proportion to its value," and because it is further declared in the 16th section of the 11th article, that " no property, real or personal, shall be exempt from taxation, except such as may be used exclusively for public schools, and such as may belong to the United States, to this State, to counties or to municipal corporations within this State." So that the only question in the case is whether this restriction in the act of 1873 is constitutional.

The Legislature, it seems, in allowing this increase of the limits of Kansas City, thought it advisable not to authorize any city or municipal taxation upon such tracts as exceeded five acres, and which they, therefore, concluded were agricultural land.    It is suggested by the court in *Giboney v. Cape Girardeau,* 58 Mo. 143, that such restrictions would be proper, but in that case the constitutionality of such restrictions was not considered.    There is no dispute that the land was subject to State taxation, but it is urged that when it was. brought within the limits of the city the constitutional provision above referred to required the city taxation to be based upon its valuation, and consequently it could not be exempted from taxation.    In other words, it is denied that the Legislature could annex a portion of agricultural land to the city and at the same time could withhold from the city the right to impose municipal taxes upon it.    This seems to be the decision of the Supreme Court of Wisconsin in *Knowlton v. Supervisors of Rock Co.,* 9 Wis. 410, though in that case the right to tax was allowed, but the rate of taxation on farming land was less than that allowed on other lands, and that was held unconstitutional. We confess our inability to perceive why the Legislature should not enlarge the limits of Kansas City on such terms as they thought proper.    They did not think proper to allow these limits to be extended except upon the proviso that no city taxation should be made upon lots over five acres in extent.    The city was not allowed to tax such lots.

Suppose that such restriction was unconstitutional, and, therefore, void.    The act, then, that brought the defendant within the city was void.    It is observed by Judge Cooley, and the principle enunciated admits of no dispute, that "if the provisions of the act are so materially connected with and dependent on each other as conditions, considerations or compensations for each other as to warrant the belief that the Legislature intended them as a whole, and if all could not be carried into effect, the Legislature

would not pass the residue independently, then if some parts are unconstitutional, all the provisions which are thus dependent, conditional or connected, must fall with them." In the case of *Slauson v. Racine,* 13 Wis. 398, where a statute annexed to the city certain lands, but contained an express provision that the lands so annexed should be taxed at a different rate from other lands in the city, the court held that as the proviso was against the constitution, the entire act was inoperative. So that, whether we regard the refusal of the Legislature to grant any power of taxation to the City of Kansas, as operative or not, it is clear that the judgment of the circuit court was right. The exemption of these lands from taxation for municipal purposes, was the only ground upon which they were annexed to the city, and if this exemption is unconstitutional, then the lands were not in the city. But we think the exemption was not in conflict with the constitutional provisions cited, because the Legislature expressly refused to grant such power to the city, and, therefore, affirm the judgment. The other judges concur.

AFFIRMED.