WOOLVERTON ET AL. *v.* THE TOWN OF ALBANY.

[No. 18,661.   Filed January 5, 1899.]

MUNICIPAL CORPORATIONS. — *Changing of Boundary Lines.* — The creation, enlarging, and contraction of boundaries of municipal corporations are legislative, and not judicial functions, and may be exercised without the consent, and against the remonstrance of those interested. *p. 78.*

SAME.—*Disannexing Territory.—Courts are Without Jurisdiction.—* Where the board of trustees of an incorporated town refuses to act upon a petition, under section 3248 Horner 1897, asking that certain territory be disannexed, an action will not lie to disannex such territory. *p. 80.*

From the Delaware Circuit Court. *Affirmed.*

*J. W. Ryan, W. A. Thompson, W. W. Mann* and *Lincoln Lesh,* for appellants.

*R. S. Gregory, A. C. Silverburg* and *O. J. Lotz,* for appellee.

MONKS, C. J.—In 1893 appellee was duly incorporated as a town by order of the board of commissioners, under the provisions of sections 4314-4322 Burns 1894, sections 3293-3301 Horner 1897. Several tracts of unplatted land used exclusively for agricultural purposes were included within the boundaries of said incorporated town. Afterwards, in 1896, each of appellants, being the owners of such tracts of land, filed his petition with the board of trustees of said town under the provision of section 4230 Burns 1894, section 3248 Horner 1897, asking the board of trustees of said town to modify the boundaries of said town so as to exclude therefrom said tracts of land, and the board of trustees refused to act upon said petitions. Afterwards, on January 4, 1897, three and one-half years after the order incorporating said town was made, appellants commenced this action in the court below to disannex said tracts of land from said town. The foregoing facts are set forth in said complaint, and, in addition, it is alleged, in substance, that the promoters of said in-

corporation represented to appellants that their land should not be taxed for town purposes, which representation was believed and relied upon by appellants, and by the citizens and voters of said town, and that by means of said representations the said lands of appellants were included within the incorporated limits of said town; that said lands are not necessary to the growth of said town, nor are they needed for any town purposes, and are less valuable, and receive no benefit, by reason of their being within the corporate limits of said town, and the only benefit said tracts of lands are to said town is on account of the tax derived therefrom.    Appellee's demurrer, assigning as grounds therefor want of facts, and want of jurisdiction over the subject-matter of the action, was sustained to said complaint, and appellants refusing to plead further, judgment was rendered against them.    The errors assigned call in question the action of the court in sustaining the demurrer to the complaint.

It is settled law that the creation, enlarging, and contraction of the boundaries of municipal corporations are legislative, and not judicial, functions, and may be exercised by the legislature without the consent, and against the remonstrance of those interested.    *Paul* v. *Town of Walkerton*, 150 Ind. 565, and authorities cited; 1 Dillon Munic. Corp., (4th ed.), section 37, 85, 183, 185, 186; Cooley Const. Lim. (6th ed.) 228; *Martin* v. *Dix*, 52 Miss., 53, 24 Am. Rep. 661; *Norris* v. *City of Waco*, 57 Tex. 635; *President and Council, etc.*, v. *Society, etc.*, 24 N. J. L. 385; *Town of Montpelier* v. *Town of East Montpelier*, 29 Vt. 12, 67 Am. Dec. 748; *Coles* v. *County of Madison*, 1 Ill. 154, 12 Am. Dec. 164; *Grady* v. *County Commissioners, etc.*, 74 N. C. 101; *Manly* v. *City of Raleigh*, 4 Jones Eq. (N. C.) 370; *City of St. Louis* v. *Russell*, 9 Mo. 507; *St. Louis* v. *Allen*, 13 Mo. 400, 412; *Walden* v. *Dudley*, 49 Mo. 419; *Giboney* v. *City of Cape Girardeau*, 58 Mo. 141; *McCormick* v. *St. Louis, etc., R. Co.*, 20 Mo. App. 640; *Darby* v. *Sharon Hill*, 112 Pa. St. 66, 4 Atl. 722; *Smith* v. *McCarthy*, 56 Pa. St. 359; *De-*

*vore's Appeal,* 56 Pa. St. 163; *State* v. *Lake City,* 25 Minn. 404; *Coolidge* v. *Brookline,* 114 Mass. 592; *Stone* v. *City of Charlestown,* 114 Mass. 214; *McCallie* v. *Mayor, etc., of Chattanooga,* 3 Head (Tenn.) 317; *Wade* v. *City of Richmond,* 18 Gratt (Va.) 583; *Mt. Pleasant* v. *Beckwith,* 100 U. S. 514; *Kelley* v. *Pittsburg,* 104 U. S. 78; *Town of Milwaukee* v. *City of Milwaukee,* 12 Wis. 103; *State* v. *Cincinnati,* 52 Ohio St., 419, 40 N. E. 508, 27 L. R. A. 737, and note; *Metcalf* v. *State,* 49 Ohio St. 586, 31 N. E. 1076; *Blanchard* v. *Bissell,* 11 Ohio St. 96; *People* v. *Carpenter,* 24 N. Y. 86.

General laws providing the conditions upon which cities and towns may be incorporated as municipal corporations, with or without the consent of those interested, and vesting the power in judicial bodies to determine whether such conditions exist, and, if so, to order such incorporation, are valid. *Paul* v. *Town of Walkerton,* 150 Ind. 565, and cases cited; *Forsythe* v. *City of Hammond,* 142 Ind. 505, 516-519, 30 L. R. A. 576; *Forsythe* v. *City of Hammond,* 68 Fed. 774; *State* v. *Cincinnati, supra; Blanchard* v. *Bissell,* 11 Ohio St. 96; *People* v. *Carpenter,* 24 N. Y. 86; *Devore's Appeal,* 56 Pa. St. 163; Beach on Pub. Corp., sections 399, 406, 408.

In such case the creation of the corporation is not the act of the court or other body, but is the act of the law. If the facts exist under the law, the board of commissioners or the court of appeal has no discretion, and can exercise none, but must order the incorporation of such town or city. *Forsythe* v. *City of Hammond,* 142 Ind. 505, 517, 518.

Appellants, by filing their petition with the board of trustees of appellee, under section 4230 Burns 1894, section 3248 Horner 1897, to disannex their lands from said town, and by bringing this action against the town for the same purpose, recognize the existence of appellee as a municipal corporation. The theory of the complaint is that appellee was incorporated, but for the reason set up in the complaint, appellants are entitled to have the boundaries of appellee so

changed as to exclude their lands. The only statute on that subject to which our attention has been called provides that such power may be exercised by the boards of commissioners on petition of the common councils of cities, and the boards of trustees of towns or by the common councils of cities and the board of trustees of towns upon petition of the owners of such real estate, upon the conditions therein set forth. Sections 4228-4230 Burns 1894, sections 3247-3249 Horner 1897.

Under the authorities cited, the power to contract or change the boundaries of a city or town is a legislative power, and cannot be exercised by the courts, and as no law fixing the conditions upon which this may be done, and vesting the power in the court to disannex territory or otherwise change such boundaries if such conditions exist, the court below had no jurisdiction in this action.

It follows from what we have said and the authorities cited that the court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.