ELISHA GRADY and others *v.* THE COUNTY COMMISSIONERS
OF LENOIR COUNTY.

The creation or alteration of Townships in the several counties of the
State, after the first division by the County Commissioners under
Art. VII, sec. 8, of the Constitution, is left with the Legislature.

This was a CIVIL ACTION tried before *Seymour, J.,* at Spring
Term, 1875, of the Superior Court of LENOIR county.

The plaintiffs, Elisha Grady and others, sueing in behalf of
themselves and "all other voters of that portion of Kinston
township on the south side of Neuse river," brought this action
to enjoin the defendants, the County Commissioners of Lenoir
county, from providing for an election of officers, under the
act of the General Assembly entitled "An act to create a
township in the county of Lenoir, to be known as Woodington
township," ratified the 26th day of February, 1875, upon the
ground that said act was unconstitutional.

Upon the affidavit of the plaintiffs, a restraining order was
issued by his Honor, Judge Seymour, and the defendants were
ordered to show cause at Trenton, on March 27th, why the
injunction should not be continued.

At Spring Term, 1875, J. C. Wooten and others filed a
petition in behalf of themselves, "and a large majority of that
portion of Kinston township on the south side of Neuse river
now known as Woodington township," &c., praying that they
might be made parties defendant in this action.

This was objected to by both the plaintiffs and defendants
in the action as originally commenced. The objection was
overruled by the court, and thereupon both the plaintiffs and
the defendants appealed.

*Haughton* and *Smith & Strong,* for the appellants.
*Green,* contra.

READE, J.   1. In a matter of public concern there is manifest propriety in allowing any one who has a common interest to become a party, and it is the duty of the court to see that a class is fairly represented whenever one or more sue for a class.

2. The plaintiffs allege that the act of 26th February, 1875, laying off the township in question and directing the County Commissioners to provide for an election of officers for the township is unconstitutional, because they say the Constitution confers the power upon the County Commissioners to lay off townships.

Art. VII, sec. 3, of the Constitution does provide that the *first* division of counties into towhships shall be by the County Commissioners, but it does not authorize them to make any *subsequent* disvision or alteration.   And so the subsequent creation or alteration of counties is left with the Legislature. The act in question is therefore constitutional.   And it was the duty of the County Commissioners to provide for the election of officers, and therefore the injunction ought not to issue.

We suppose that when the Commissioners ascertain their duty to provide for organizing the township which has been created and now exists, they will be ready to perform it , but they will *now* be met with the difficulty that the time named in the act for holding the election has passed.   Can they order an election at some time to be fixed by them ?   This is not directly before us and may never be, as the township may prefer to wait until the next regular election ; but we have considered it, and incline to the opinion that as time was not *essential* and the failure to observe it was *unavoidable*, and as the *public good* may require the offices to be immediately filled, the Commissioners may order an election upon reasonable notice.

The injunction will be refused.   Let this be certified.

PER CURIAM.                          Judgment accordingly.