GEORGE E. BUCKMAN v. COMMISSIONERS OF BEAUFORT.

*County Commissioners—Official Bond—Mandamus.*

1. Where a clerk of the superior court tendered his official bond to the county commissioners at the time prescribed by law, which they refused to accept on account of insufficiency, and thereupon granted him further time—until their next regular meeting—to file his bond and qualify, and communicated their action to the judge of the district who made no order in relation thereto ; and at said next meeting they refused to receive the bond tendered, on the ground that their power to do so ceased at the first meeting ; *It was held,*

(1) That the commissioners at their second meeting were not *functi officio,* but had the power to act in the premises.

(2) That there had not been such a failure to give bond on the part of the clerk as worked a forfeiture of the office.

(3) Such failure must be ascertained and declared by the commissioners before the judge is authorized to declare a vacancy. Bat. Rev., ch. 17, §§ 137, 140.

2. *Held further,* that the plaintiff, clerk, is not entitled to a peremptory mandamus commanding defendant, commissioners, to receive *the bond tendered* and induct him into office. The court cannot control or interfere in the exercise of their discretion.

(*Grady* v. *Com'rs of Lenoir,* 74 N. C., 101, cited and approved.)

CONTROVERSY submitted without action under C. C. P., §

315, at Fall Term, 1878, of Beaufort Superior Court, before *Eure, J.*

The plaintiff was elected clerk of the superior court at the election held in August last, and was so declared by the board of county canvassers as required by law. At the meeting of the county commissioners held on the first Monday of September following, he appeared and tendered his official bond with sureties which were unsatisfactory to the defendants and they refused to accept it. The session of the commissioners was prolonged to a late hour on Tuesday afternoon, when, without finishing the public business, they adjourned to the first Monday in October in consequence of the inability of two of them, who had other important public duties to perform, to remain longer with their associates. Previous to the adjournment and pending the plaintiff's application to be allowed to qualify, the commissioners passed the following resolution : " Whereas, George E. Buckman has failed to give bond and qualify as clerk of the superior court, it is therefore ordered that he have until the first Monday of October next to give bond and qualify according to law, provided that if at the October meeting the board is satisfied that they have no power to make such extension of time, the board will not then induct said Buckman into office." This action of the commissioners was communicated by the chairman to the judge of the district and he took no action and made no order in relation thereto. But for the early termination of the session, the plaintiff would have tendered a bond with other and sufficient sureties on the next day. At the adjourned session in October the plaintiff did tender such bond to the board in the penal sum of $14,000, with sureties justifying to that amount, and asked to be admitted to his office. The board adjudging that their power to accept an official bond ceased at their former meeting, refused to consider or receive it and denied the application.

His Honor ordered the board to consider the bond tendered by the plaintiff, or such bond as he shall tender at the time fixed by them, and if said bond be satisfactory, that they induct the plaintiff into office, from which ruling the defendants appealed.

*Messrs. Reade, Busbee & Busbee,* for plaintiff.
*Mr. G. H. Brown, Jr.,* for defendants.

SMITH, C. J. (After stating the case as above.) Upon these facts the only question presented for our determination is: Had the commissioners the power at their October session to act in the premises and induct the plaintiff into the office to which he has been elected?

It is obvious that no final disposition was intended to be made of the case at the time of the adjournment, when further time was allowed the plaintiff to comply with the requirements of the law. As he could not know in advance whether the sureties offered and deemed by himself sufficient would be satisfactory to the commissioners, it was reasonable and proper, when they were rejected, that he should have some opportunity offered him to find and offer others in their place. A single day would have answered his purpose, but as the session could not be protracted owing to the necessary absence afterwards of two of the commissioners, he was permitted to prepare and offer his bond at their next regular session in October. The proviso attached to the resolution intimates or implies a doubt as to their right thus to defer further action, but the power is nevertheless exercised, and at that time and no other can the plaintiff comply with this prerequisite condition of admission to office. There was on his part no such delay as can work a forfeiture of office, and nothing but an absolute want of power can be permitted to produce that result.

Let us examine and see what are the statutory provisions

on the subject: It is the duty of one elected or appointed clerk to deliver to the commissioners a bond with sufficient sureties to be approved by them at their *first meeting* after the election or appointment. Bat. Rev., ch. 17, § 137. If he *fail* to give bond and qualify as directed, the presiding officer of the board must immediately inform the judge of the judicial district in which the county lies, who shall thereupon declare a vacancy and fill it, and his appointee shall also give bond and qualify as before directed. Ibid., § 140. In the argument it was properly conceded that but for the peremptory words used in the section last referred to, commanding *immediate information of the failure* to be conveyed to the judge, the statute must be construed as directory only, and the delay in giving effect to its provisions not allowed to invalidate the plaintiff's title to his office and thus practically reverse the result of the election. It may be conceded that the statute contemplates an early and prompt admission to office, and that but for the postponing action of the commissioners the plaintiff would be restricted in giving his bond and taking the oath to the first session of the board. Had a reasonable time been given after the rejection of the first bond for his preparing and tendering another, the commissioners would have been justified in declaring the failure and finally determining the application. Then upon certifying the fact to the judge it would have become his duty to make an appointment to supply the vacancy. This, however, was not done, and though the judge was informed that no bond had been given, he was also informed that the matter was still pending and further time had been allowed the plaintiff to execute another and sufficient bond. It is to be observed that *immediate* notice must be given of the *failure* of the person elected or appointed to give the bond, and this *failure* must be ascertained and declared by the commissioners before it can be given. That fact had not been finally ascertained.

The application for admission was pending, still under consideration when the adjournment took place, and further action suspended and deferred; and until the matter before the commissioners was finally disposed of, the contingency had not arrived which calls into exercise the appointing power of the judge. It is unnecessary to cite authorities bearing upon the question of materiality of time in the performance of statutory duties. They are cited and the subject discussed in Sedgwick on Stat. and Const. Law, 368, *et seq.*, to which, in the argument, our attention was called. We will refer to a single case in our own reports as illustrative of the point—*Grady* v. *Commissioners of Lenoir,* 74 N. C., 101. The general assembly by the act of February 26, 1875—acts of 1874-'75, ch. 105—formed a new township out of that portion of Kinston township lying south of Neuse river, and provided for an election of officers on the third Monday of March following. No election was held at the prescribed time in consequence of a judicial order based upon the alleged unconstitutionality of the act. READE, J., delivering the opinion of the court and maintaining the validity of the act, says: "But they (the commissioners) will *now* be met with the difficulty that the time named in the act for holding the election has passed. Can they order an election at some time to be fixed by them? This is not directly before us and may never be, as the township may prefer to wait until the next regular election. But we have considered it and incline to the opinion that as time was not *essential* and the failure to observe it was *unavoidable,* and as the public good may require the offices to be immediately filled, the commissioners may order an election upon reasonable notice." The principle thus announced comprehends the case before us.

It may be observed further that no inconvenience to the public can arise from the delay in inducting the plaintiff into office, because the incumbent under a constitutional

provision holds over until his successor is qualified, and there is no interval during which there is no officer to discharge the duties. Const., Art. IV, § 25. We therefore declare that the commissioners were not at their second meeting *functi officio,* but were competent to take and ought to have passed upon the bond then tendered.

The plaintiff's counsel asks for a peremptory mandamus commanding the defendants to receive the bond tendered and induct the plaintiff into office. To this form of the writ he is not entitled. Upon the commissioners alone devolves the obligation, and upon them rests the responsibility of deciding upon the sufficiency of the bond, under the penalty of incurring a personal liability as surety for taking a bond known or believed to be insufficient. We can compel them to proceed and act, but we cannot control or interfere with the honest exercise of their judgment and discretion. It is needless to cite authorities upon the point. They may be found in Moses on Mandamus, 23; High on Ex. Leg. Rem., §§ 234, 257; Tapping on Mandamus, 14.

But aside from this, in the case before us it is expressly agreed if in the opinion of the court the defendants have power to act in the premises, the judgment shall be that the defendants "proceed to consider the bond at once." There is no error. This will be certified, to the end that the writ of mandamus issue as declared in the opinion of this court, and such further proceedings be had thereon as are agreeable to law.

No error.                                              Affirmed.