WILLIAM J. CLARKE v. E. W. CARPENTER.

*Superior Court Clerk—Term of Office—Practice—Conflicting claimants for vacant office.*

1. The term of office of a superior court clerk, elected in August, 1878, began on the first Monday of September, following.

2. Where there are conflicting claimants for a vacant office a court must act upon the *prima facie* evidence of right and admit the one possessing it, leaving the other to pursue the proper legal remedy for the recovery of possession.

(*Buckman* v. *Com'rs*, 80 N. C., 121, cited and approved.)

APPLICATION of plaintiff to be recognized a Clerk of the court, heard at Spring Term, 1879, of CRAVEN Superior Court, before *Eure, J.*

It was admitted that defendant was duly elected clerk of the superior court of Craven county at an election held on the first Thursday in August, 1878, and was inducted into office on the first Monday in September following, and was acting as clerk aforesaid when the motion of plaintiff was made. The plaintiff exhibited a transcript of the proceedings of the board of county commissioners to His Honor, which set forth substantially that at an adjourned meeting of the board held on the 10th of March, 1879, William J. Clarke appointed by Judge Seymour to fill a vacancy in the office of superior court clerk, appeared and tendered a satisfactory bond as clerk, which was accepted, and having taken the oaths prescribed, it was ordered by the board that

he notify the defendant that he is required without delay to deliver to the plaintiff the records, &c., of the office. Upon the evidence of *prima facie* title, it being conceded that the said office had been declared vacant and that plaintiff was appointed to fill the same, the plaintiff's counsel moved that he be recognized as clerk, and that an order be made requiring the defendant to surrender the office, records, &c., to plaintiff. The court refused the motion, stating that the title to an office could only be tried in an action in nature of *quo warranto*, and the plaintiff appealed.

*Messrs. Lewis & Strong* and *Reade, Busbee & Busbee,* for plaintiff.

*Messrs. Green & Stevenson* and *D. G. Fowle,* for defendant.

SMITH, C. J. At the regular election held in August last, pursuant to section 77 of the act of March 12, 1877, the defendant was elected clerk of the superior court of Craven, and before the board of county commissioners, at their meeting on the first Monday in September following, was duly qualified and inducted into office, and has since been in the discharge of the duties incident thereto.

Subsequently to his induction, the presiding judge of the district, deeming a vacancy to exist, appointed the plaintiff to the office, and he, on the 10th day of March, appeared before the board, gave bond and took the prescribed oaths of office. At spring term of the superior court the plaintiff presented the evidence of his appointment and qualification, and asked "to be recognized as clerk and allowed to perform the duties of said office." The application was denied and the plaintiff appeals.

In *Buckman* v. *Com'rs of Beaufort,* 80 N. C., 121, it is declared to be the duty of one elected to the office of clerk of the superior court, at the election held in August, 1878, to tender his bond to the commissioners at their meeting on the first

Monday in September ensuing, as was done by the defendant in this case.

The act of March 22, 1875, deferring the election for the year 1876 from August to November, and making the necessary correspondent changes in the law to give effect thereto, in express terms, is confined to members of the general assembly, "county treasurer, register of deeds, county surveyor, five county commissioners, coroner and sheriff," and does not extend to a clerk of the superior court whose term did not expire until two years thereafter. The effect of the act is to make the term of those county officers elected under it begin and end on the first Monday in December instead of September as before. The act of March, 12, 1877, makes the change permanent as to those officers mentioned in section 1, and in all elections held in and after the year 1880. While a clerk is not named in the enumeration, members of the general assembly are, and the constitution (Art. IV, § 16) provides that he shall be elected "at the time and in the manner prescribed by law for the election of members of the general assembly."

The defendant was therefore rightly in possession of the office and entitled to hold the same. But, were it otherwise, we are not disposed to concede that the defendant, regularly inducted into office and in full discharge of its trusts, even if wrongfully holding the same against a better title in the plaintiff, can be ejected in the summary way proposed. When there are conflicting claimants for a vacant office, the judge must act upon the *prima facie* evidence of right and admit the one possessing it, leaving the other to pursue his proper legal remedy for the recovery of possession, for the obvious reason that the public interest requires an incumbent and that the office be not left unfilled during a protracted contest to determine the title. So on the expiration of the term of office, or in case of an appointment to fill a vacancy, he may direct and enforce an order for the surren-

der to a successor of "the records, documents, papers and moneys belonging to the office." Rev. Code, ch. 19, § 14.

. But the statute does not authorize the exercise of the power invoked for the plaintiff's relief upon the facts stated in his application.

No error.                                              Affirmed.