The People, by the Attorney General on relation of THOS. F. WORLEY
v. JOSEPH A. SMITH.

*Term of Sheriff's Office—Vacancy—Official Bonds.*

M., the sheriff of Jones county, was re-elected to that office in August, 1878. In the September following he gave bonds for the new term and the county commissioners inducted him into office. In the same month he died, and the relator was appointed and qualified "to fill the vacancy." On the first Monday of the next December, the commissioners elected the defendant sheriff for two years from that date, and, upon his taking the oath and giving the requisite "process bond," but no other, inducted him into office. In the succeeding April he gave the other bonds required by law ; *Held,*

1. That the new term to which the deceased sheriff was elected did not begin until December, and that his induction into office before then was a nullity.

2. That the vacancy to which the relator was appointed was only for the residue of M's former term, which expired in December.

3. That, from the first Monday in December, there was another "vacancy" which the county commissioners were entitled to fill by their appointment.

4. That, while it was irregular to induct the defendant into office without his giving all three of the required bonds, yet the defect was cured when they were subsequently tendered and accepted.

(*Sneed* v. *Bullock*, 80 N. C., 132 ; *Cloud* v. *Wilson*, 72 N. O., 155 ; *Dixon* v. *Commissioners*, 80 N. C., 118, cited and approved.)

CIVIL ACTION in the nature of *Quo Warranto* tried at Spring Term, 1879, of JONES Superior Court, before *Seymour, J.*

This action was brought to try the title to the office of sheriff of Jones county, and upon the facts set out in the opinion of this court, His Honor held that the first term of office of Nathan McDaniel, deceased, did not expire until December, 1878; that the appointment of the plaintiff was for the unexpired term of McDaniel under his first election and plaintiff's term of office expired on the first Monday of December, 1878; that the defendant, being duly appointed to and inducted into the office of sheriff for the second term of McDaniel, is entitled to judgment. From this ruling the plaintiff appealed.

*Messrs. Green & Stevenson* and *A. G. Hubbard*, for plaintiff:

In their argument cited and commented on sections 24 and 25 of article IV of the amended constitution, and the acts of 1874–'75, ch. 237, and 1876–'77, ch. 275; *Dixon* v. *Commissioners*, 80 N. C., 118; *Vann* v. *Pipkin*, 77 N. C., 408.

*Messrs. H. R. Bryan* and *Faircloth & Simmons*, for defendant.

SMITH, C. J. Nathan McDaniel, sheriff of Jones county, at the election held in August, 1878, was re-elected for the ensuing term. On the first Monday in September following he appeared before the board of county commissioners and tendered his official bonds, which were accepted, and took the prescribed oath. Sometime during the month he died, and on the 7th day of October the commissioners appointed the relator, Thos. Worley, to fill the vacancy, and he was duly qualified as such on the 16th day of October.

At the meeting of the commissioners on the first Monday in December, they elected the defendant sheriff, for the full

20

term of two years, and upon his giving one only of the bonds required by law, that for the due execution of process, and taking the oath, was by them inducted into office and entered upon the discharge of his official duties. On the first Monday in April, and after this action was commenced, he executed and tendered the other bonds for the collection of state and county taxes, which were approved and accepted by the board.

By the act of March 22d, 1875, the general election which under the existing law was required to be held on the first Thursday in August, 1876, was postponed and required to be held on the Tuesday after the first Monday of November of that year; and the county officers, then elected, to be qualified and inducted into office on the first Monday in December instead of the first Monday in September as theretofore. The law in its other provisions was modified and made to conform to this change of time for holding the election, and those county officers whose terms would have expired on the first Monday in August were "authorized and directed to hold over in the same until their successors in office are elected and qualified under the act. Acts 1874–75, ch. 237, § 6.

We have already decided that this section simply extended the expiring term—spanning over the intervening space—until the newly elected officers could be qualified; and that it did not take away the power of the commissioners to fill a vacancy by appointment or election. *Sneed* v. *Bullock,* 80 N. C., 132. The effect of this act is to change the *time of election,* and to make the terms of office begin and end in *December* instead of *September* as theretofore; and this the general assembly was competent to do.

The appointment of the relator was for the unexpired term of office, held by McDaniel at the time of his death, and until his successor was qualified, and no longer.

The constitution provides for the election of sheriffs, cor-

oners, and constables, fixes their term of office, and declares that "in case of a vacancy *existing from any cause,* in any of the offices created by this section, the commissioners for the county may appoint to such office for the unexpired term." Art. IV, § 24. And so the statute provides that in case of the conviction of a sheriff of a misdemeanor in office and a vacancy caused by his removal *or any other means,* the commissioners shall at their first meeting thereafter elect a successor to fill the residue of the term. Bat. Rev., ch. 106, § 6.

The only question therefore is this: Did the vacancy, contemplated in the constitution, exist when the defendant was appointed, so as to authorize the commissioners to exercise the power conferred?

The question is substantially answered in *Cloud* v. *Wilson,* 72 N. C., 155. In that case D. H. Starbuck, who had been elected one of the twelve superior court judges at the first election held under the constitution of 1868, refused to accept the office, and the relator, J. M. Cloud, was appointed and commissioned by the governor in his stead. The constitution, Art. V., § 31, declares that "all *vacancies* occurring in the offices provided for in this article of the constitution shall be filled by the appointment of the governor, &c. The court held the appointment to be valid and say: "We adopt the conclusion that although Mr. Starbuck declined to accept and did not qualify, and take his commission, *a vacancy did not occur in the office.* By an unexpected event there was no one to fill the office. Thus for all practical purposes the office was vacant, and it can make no difference whether Mr. Starbuck declined before, or the moment after he qualified, or whether he was eligible to the office."

The language employed to describe the vacancy to be filled by the commissioners is still more explicit and manifest, for it is added, "existing for any cause," that is, *whenever the office is without an incumbent.* The commissioners

appointed, and had power to appoint, the relator only for the residue of the official term of the deceased sheriff, and at its determination rightfully proceeded to elect the defend-ant for the new term then commencing. *Sneed* v. *Bullock*, *supra*.

The attempted qualification of McDaniel in September for a term to begin two months thereafter, and while he was still in office, under a prior election for a term of which two months still remained, was without warrant of law, and nugatory. There cannot be an induction into an office for one term until the preceding term is ended, and the quali-fication and induction are directed to be done at one and the same time on the first Monday in December. Bat. Rev., ch. 27, §8, (31.)

The act of March 12th, 1877, regulating elections, makes permanent the change in the day of election, which was prescribed in the act of 1875 for one occasion, to-wit, the Tuesday after the first Monday in November of the years in which elections are held, leaving in full force the necessary corresponding changes made in the former act. Section 77, however, directs the general elections for the year 1878 to be held in August, as formerly, but leaves in full force all the other provisions of the act of 1875.

Though the election is held in August, the terms of the county officers elected commences in December and con-tinue for two years thereafter as required by the constitu-tion.

It was irregular and improper for the commissioners to induct the defendant into office without his giving all three of the required bonds as was held in *Dixon* v. *Com'rs of Beaufort*, 80 N. C., 118, yet he was legally in the office and so remains until ousted therefrom by judicial sentence. Bat. Rev., ch. 79, § 3. This defect was removed, however, by his

furnishing the necessary tax bonds in April and does not now call for his amotion.

No error.                                             Affirmed.