The People by the Attorney General on relation of D. N. KILBURN v. T. J. LATHAM.

*Term of Office—County Officers.*

1. It was the duty of a county treasurer elected in August, 1878, to appear before the board of county commissioners on the first Monday in December following, and file his official bond; and on his failure to do so, it was competent for the board of commissioners to declare the office vacant and fill it.

2. The terms of all county officers, (except superior court clerks elected in 1878), begin on the first Monday of December following their election, (acts 1874–'75, ch. 237).

(*Jones* v. *Jones*, 80 N. C., 127; *Buckman* v. *Com'rs, Ibid.,* 121, cited and approved.)

CIVIL ACTION in nature of *Quo Warranto* tried at Spring Term, 1879, of CRAVEN Superior Court, before *Eure, J.*

This action was brought to recover the office of treasurer of Craven county, and a trial by jury being waived, the court found the facts as follows:   The plaintiff was elected treasurer on the first Thursday in August, 1878, and on the first Monday in September following, gave the official bond required by law and qualified before the board of county commissioners.   On the first Monday in December following, the said board made an order requiring all county offi-

cers who are required to give official bonds to renew the same on that day. The plaintiff appeared before the board on Tuesday, the 3rd day of December, 1878, and was allowed until the 16th of the month to give the bond required of the county treasurer, and he again appeared on that day' and was allowed further time, to-wit, until the first Monday in January, 1879, to give bond, when he appeared and the matter was postponed until the 7th of January, on which last mentioned day, he neither gave nor renewed his bond, nor offered to do so. The said order to give bond was not served on Kilburn, and on said 7th of January the board of commissioners declared the office of treasurer vacant and appointed the defendant, Latham, to fill the vacancy, who gave bond and was qualified and is now exercising the duties of said office. Upon these facts the court gave judgment for the defendant and the plaintiff appealed.

*Messrs. A. G. Hubbard* and *W. H. Bailey*, for plaintiff.
*Messrs. Green & Stevenson* and *D. G. Fowle*, for defendant.

SMITH, C. J. In *Worley* v. *Smith* and *Clarke* v. *Carpenter*, decided at the present term, the court held that the effect of the act of March 22nd, 1875, upon the persons elected under it is "to make the terms of office begin and end on the first Monday in December, instead of September as theretofore." It was consequently irregular and improper for the plaintiff to tender his official bond to the board of county commissioners in September, since their successors, whose term of office began on the first Monday in December, are required after their own qualification " to proceed to qualify the other officers elected in the county." Bat. Rev., ch. 52, § 23, as amended by section 3 of the act aforesaid.

The act of March 12, 1877, directs the election of those officers named in the first section to be held in the year 1880 and thereafter, "on the Tuesday next after the first Monday

in November," thus rendering permanent the change made in the former act for a single occasion, and its subsequent sections are intended to adapt the law to this alteration in time. The election for 1878 is, however, required by section 77 to be held on the first Thursday in August, while the amendments made in section 3 of the former act remain as before. Construed in connection, this legislation makes the terms of all county officers, except clerks, and of clerks also in elections h )ld in and after the year 1880, begin and expire on the first Monday in December of the years when they are elected.

But no change in the term of clerks is effected by the acts in their application to the election in August last, and hence their terms begin and they should be qualified on the first Monday in September, while other county officers must do so in December. Uniformity will, however, be secured in future elections.

It is insisted in argument for the plaintiff that section 33 of the act of 1877, which directs the sheriffs to "notify all persons elected in the county to meet at the court-house on the first Monday in the ensuing month to be qualified," applied to section 77, must be understood as requiring those county officers elected in August to qualify in September, which is the "ensuing month," and it is supposed that the court has overlooked that clause in former opinions. This is, however, a misapprehension. The section was not intended to apply to the August election, which is left to the control of pre-existing laws. It is a part of a series of provisions by which the general law is made to conform to the change in the day of election, and hence means the month next after the elections in November. It does not apply to the August election, which is governed by the act of 1875, and if it did so apply, it would be in harmony with it.

It was necessary therefore for the plaintiff to appear before

the newly appointed commissioners at their meeting on the first Monday in December and give bond, and failing to do so, after repeated indulgencies as to time to prepare and tender it, it was competent for them, on the 7th day of January following, to declare a vacancy and fill it. *Jones* v. *Jones,* 80 N. C., 127 ; *Buckman* v. *Com'rs of Beaufort, Ibid,* 121.

The defendant is rightfully in office and is entitled to hold the same.

No error.                                                    Affirmed.