JAMES McNAIR v. THE BOARD OF COMMISSIONERS OF BUNCOMBE
COUNTY.

*Stock Law—Injunction—Discretionary Power.*

An act of the Legislature providing a stock law for a county, enacted that upon
the written petition of a majority of the registered voters of certain townships,
presented to the commissioners and justices at their regular joint meeting in
June, 1885, they might, by resolution, suspend the operation of the act in
such townships. The registered voters of some of these townships prepared
the petitions and sent them to the joint meeting, but on account of some dis-
order in the meeting, it adjourned without acting on them, and the commis-
sioners proceeded to build a common fence around the entire county. *Held*,
1st. That the petitioners had a right to be heard, and as this had been denied,
another meeting should be called for that purpose, although the petitioners
had unnecessarily delayed bringing their action. 2nd. That the words of the
act do not make it obligatory on the justices and commissioners to exclude
the townships on the filing of the petitions, but it is left to their discretion.
3rd. That the restraining order should not put a stop to the work on the fence
altogether, but only on such portions as would interfere with the rights of
the petitioning townships, if the meeting should conclude to exempt them
from the operation of the act.

(*Grady* v. *Commissioners*, 74 N. C., 101 ; *Bushman* v. *Commissioners*, 80 N. C., 121,
cited and approved).

This was the plaintiff's appeal in the preceding action.

*Messrs. M. E. Carter* and *F. A. Sondly*, for the plaintiff.
*Mr. Geo. A. Shuford*, for the defendants.

SMITH, C. J. The plaintiff's appeal is from the refusal of the
Court to continue the restraining order until the final hearing.
From the voluminous evidence, in the form of affidavits, laid
before the Court by the contestant parties, in support of, and in
opposition to the motion, and not at all in harmony as to what
transpired at the joint meeting in June, when, under the statute,
application to suspend its operation as to the townships, is required
to be made, it is manifest the petitioners were not allowed an
opportunity of laying their case before the board, and having it

considered and acted on. The adjournment was sudden and in the midst of disorder, not permitting the presentation of the petition, and thus the right to be heard, at the time designated for the hearing, was denied. In this a wrong was done that may still be corrected by the call of another joint meeting and action taken at it.

Some difficulty in now according this right, is met by the fact that the proviso in section 11 requires the petition to be presented at the June meeting, and acted on at that time; but as time is not so much an essence in the thing to be done, and the commissioners and justices gave no opportunity for its presentation, thus denying a legal right, the Court is warranted in seeing that the petitioners' right is not denied, and in order thereto that another meeting be called. This course is warranted by the decision in *Grady* v. *Commissioners of Lenoir*, 74 N. C., 101, where the time for holding the election had passed, in consequence of the issue of an erroneous restraining order. *Bushman* v. *Commissioners*, 80 N. C., 121. Besides, action on this, and similar applications, ought to precede the work of building the fence, since the territory to be surrounded in its extent and limits has not been ascertained.

Again, the plaintiff unreasonably delayed to bring his suit, and permitted the defendants to go on with their work, when he should have acted with promptness to prevent what may turn out to be a useless expenditure of public money. But this possible inconvenience ought not in view of the circumstances attending the conduct of the board, to debar the registered voters from availing themselves of the denied statutory right, and in our view does not.

The obvious and reasonable interpretation of the words used in the statute, "the county commissioners and justices of the peace in joint meeting, may, by resolution, suspend the operation of this act, in such township, district or territory," is to afford to the registered voters the opportunity of being heard, and their claim to exclusion considered and decided, as in the judgment of

the board may be deemed just and proper, and not to confer a right to have such territory exempted. The right to be heard is quite different from a right to have what is asked granted, and the interests of the county, as well as the interests of the township, are involved in the determination.

It is suggested that the justices should be made parties, and so the interlocutory order, from which the plaintiff appeals, admits, but this furnishes no reason for withholding the injunction meanwhile, and allowing the work to go on. It may be, that upon the ruling of the Court, the justices, in discharge of a public duty, will meet the commissioners in joint session, and the result be attained, without the necessity of their being brought under the control of the Court, and coerced to act. However this may be, the same necessity remains for suspending operations, and this, by continuing the restraining order, as it before existed.

We do not mean to be understood as giving our approval to the restraining order in its broad and sweeping terms, but it should be confined to the forbidding to be done any of the work that would interfere with the interest of the petitioners and their township, until it shall be decided whether they are entitled to be placed outside the operation of the act. There is no reason why the commissioners may not proceed with their work, so far as it can be carried on without trenching upon the townships and territories which occupy the same relative positions, and are pursuing the same remedies as the plaintiff in this suit.

The restraining order should be thus limited, leaving the commissioners free to act in other respects. There is error, and this will be certified to the Court below.

Error.                                    Reversed.