STATE on relation of R. H. COLE v. J. R. PATTERSON.

*Board of County Commissioners—Power to Declare and Fill Vacancies in Office.*

*The Code,* §§706 and 707, requires the Board of County Commissioners to meet on the first Monday in December to accept the bonds of county officers elected at the preceding election. Such officers are also required to prepare and tender their official bonds on that day. The board has the power—all the business before them being disposed of—to adjourn on that day, and, if any officer shall fail to perfect his bond according to law, before such adjournment, to declare such office vacant, and to fill it, when the power to fill such vacancy is vested by law in the board.

This was a CIVIL ACTION, tried before *Graves, Judge,* at Spring Term, 1887, of BUNCOMBE Superior Court.

The trial by jury being waived, the Court found the facts as follows:

At the regular election, November, 1886, R. H. Cole received the highest number of votes, and was elected register of deeds, and was duly declared elected.

At the meeting of the board of county commissioners of Buncombe county, on the first Monday in December, the said R. H. Cole did not tender a sufficient bond, but had a bond, acknowledged before the clerk of the Superior Court, signed by two sureties, and asked for further time, until the next day, in which to complete his bond; that it had not been the custom to require sureties to be present before the said board of commissioners; that the day of said meeting was exceedingly inclement, the snow very deep—the deepest known in the county of Buncombe—so it was exceedingly uncomfortable, and inconvenient to travel on horseback, and almost impracticable to travel in vehicles; that some few persons did travel, and came to the court-house that day; that the Superior Court was adjourned in consequence of the inclement weather; that only twelve jurors answered to their names in the said Court, four from the town of Asheville, and eight from the country; that by reason of the inclement weather, one Mr. Eller, an old, infirm man, who would have signed relator's bond, was prevented from attending said meeting, and perhaps others who would have signed relator's bond would have been present but for the inclement weather; that on that day the sheriff gave his official bond; that relator presented a bond, acknowledged before the clerk of the Superior Court, signed by two parties, and exhibited a letter to the said board of commissioners from said Eller, and from one of the members of said board, and asked the said board of commissioners to give further time—until the next day—for the completion of his bond; that the bond of relator would not have been sufficient if said Eller had executed it. That the said board of commissioners refused to give further time, and refused to accept the bond offered, and refused to hear evidence as to the solvency of the persons who had signed the bond presented to them, but no witnesses were tendered or under summons, to show such solvency,

and the commissioners knew of the insufficiency of the sureties.

Late in the evening of the said first Monday in December, 1886, the commissioners having delayed so as to give the relator the day in which to complete his said bond, having disposed of all the other business before them, declared the office vacant, and elected the defendant and accepted his bond, and inducted him into the office of register of deeds for said county of Buncombe.

There was no fraud, or fraudulent combination; and the commissioners acted as they honestly believed they had the right to do.

At request of the relator, the following additional facts were found:

1. That the proof indicated that at least two persons in the town on that day offered to have the bond made, on the condition of employing certain persons as clerk, or giving a part of the proceeds of the office, and the proof showed an indisposition on the part of the relator to accept these terms. One of the parties thus proposing to become surety, required that he (the surety) should have a supervision over the office.

2. That the relator, both in person and by attorney, at different times during the day, asked the board to give an answer as to whether they would adjourn until the next day. The board did not give an answer until late in the evening, and when they did give the information, they at the same time told the relator that the office had been declared vacant.

3. At the time of giving the relator the information that the office had been declared vacant, the relator, by his attorney, asked for ten minutes, in which to send for Mr. Jesse Starnes. This request was refused by the board. Jesse Starnes is one of the parties who had proposed to have the bond made on condition of his having an oversight over the office, and that his brother should be made clerk. That said

Starnes said he left the room of the commissioners to keep from going on the official bond of the relator.

4. The relator tendered a bond at the meeting of the board, on the first Monday in January, 1887, which was admitted to be good, and the Court finds the fact that it was good. The board refused the bond offered on the first Monday in January, on the grounds that they had already decided the matter.

Upon the foregoing facts, it is considered by the Court, that the law required the relator to give bond in the sum of five thousand dollars, conditioned for a faithful performance of the duties of the office of register of deeds, before his induction into office.

That it was his duty to have tendered such a bond on the day fixed by law.

That it was in the discretion of the board of commissioners to have extended the time in which said bond might be given, for a reasonable time.

That in case the board of commissioners did not, in their discretion, deem it best to extend the time in which the relator should give his bond, they were not compelled by the law to extend the time for giving such bond, and were not bound to adjourn to next day, for the purpose of allowing the bond to be completed.

That in case a good and sufficient bond, conditioned as required by law, is not tendered on the day designated by law, the board of commissioners may, in their discretion, late in the evening of that day, refuse to give further time, and declare that there is a vacancy in the office of register of deeds.

That in case said board of commissioners did so declare a vacancy in the said office of register of deeds, they then had the right to elect to fill the office of register of deeds, for said county of Buncombe.

That in the exercise of their discretion in refusing to give further time for giving bond by the relator, and then on the first Monday of December, 1886, declaring a vacancy, and immediately filling the said vacancy, by the election and appointment of the defendant, to be register of deeds for the said county of Buncombe, did not exceed their power, and whether the Court should approve or disapprove of the manner in which that discretion was exercised, it cannot reverse it or control it.

It is therefore adjudged, that the defendant, J. R. Patterson, is rightfully in his office of register of deeds of the said county of Buncombe, and the relator is not entitled to the said office.

From which action of the Court, the relator, by the Attorney-General, excepts in law, and prays an appeal to the next Term of the Supreme Court.

*Mr. W. H. Malone*, for the plaintiff.
*Mr. C. M. Busbee*, for the defendant.

SMITH, C. J., (after stating the facts). The county commissioners are required to meet at the court-house on the first Mondays in December and June, in each year regularly; *The Code*, §706, and on the day first mentioned, proceed "to qualify, and induct into office, the following county officers who have been elected in the previous month: clerks of the Superior and Inferior Courts, sheriff, coroner, treasurer, register of deeds, surveyor and constables; and to take and approve the official bonds of such officers, which the board shall cause to be registered in the office of the register of deeds," §707, subdiv. 28. While this is an enjoined duty, and it may be deferred until another day, and time given to an officer elect to fortify his bond, if deemed insufficient, with other sureties or for other sufficient cause, as determined in *Buckman* v. *Commissioners*, 80 N. C., 121, and in

*Jones* v. *Jones*, Ibid., 127, it nevertheless becomes them to pass upon the bond tendered, and if approved, admit the elected or appointed applicant to his office, as early as practicable, and it rests in their discretion to allow or refuse further time under a just sense of their own official responsibilities, and its exercise cannot be corrected upon an appeal of the wronged party aggrieved by their action. In the present case, nearly a month had passed after the result of the vote had been ascertained and declared, during which the bond, with adequate security, could have been prepared and held in readiness for the meeting of the board, and yet that tendered falls so entirely short of the requirements of law, that its rejection was inavoidable, and the action of the commissioners foreseen. The verification of the two sureties was for the sum of $1,000 each, while the statute fixes the penalty at $5,000, and the sureties to justify in this aggregate amount. *The Code,* §§3648 and 1876.

So stringently is the obligation of seeing to the sufficiency of the bond, when accepted, enforced, that the commissioners knowing or believing it insufficient, assume the personal liabilities of a surety. §1879. Their good faith in refusing the bond tendered, is not impugned in the action; but their refusal to prolong the session for a short time, and to postpone the matter until another day, in view of the inclemency and extraordinary condition of the weather at the time, is urged as an oppressive and uncalled for abuse of power, which demands a correction from this Court.

While it would be, under the circumstances, a reasonable request to defer final action in the premises, and thus enable the relator to make further efforts to obtain additional security, his claim to such indulgence is not as strong as that of one, expecting his bond to be received, and who finds it rejected. The relator must have known, and the face of the instrument indicates it, that his bond would not be satisfactory and could not be accepted without gross dereliction of

·duty, and he is not free from blame in not coming prepared, ·as the other persons elected were prepared, to comply with the conditions of the law, common alike to them all.

While it is not our province to pass upon the propriety of the course pursued in refusing all delay, the commissioners acted within the limits and according to the directions of the statute, in closing the labors of the session, of which the declaring a vacancy and filling it by the appointment of the ·defendant seem to have been among the last, in a single day.

The argument to support the appeal, proceeds upon the false idea that because the session *may* be prolonged beyond the day, it *must* be so prolonged, although all other business has been dispatched.

Nor can the contention be maintained, that the relator is ·deprived wrongfully of an office to which he had been elected. He cannot take the office, and is not in it until admitted after compliance with the essential conditions required. He has a *right* to be inducted when he gives the bond satisfactory to the commissioners and takes the prescribed oath. Indeed he then is in the office, and can only be deprived of it by a due course of law. The action of the commissioners may have been unwise and hasty—seemingly harsh and unusual, but it was in conformity with the law, and cannot be reversed by any authority conferred upon this Court.

We therefore sustain the ruling and affirm the judgment in the Court below.

No error.                                        Affirmed.