J. M. FREEMAN v. JAMES S. COOK, JR., LAYTON ANTHONY AND W. J. NICKS, CONSTITUTING THE BOARD OF ELECTIONS FOR ALAMANCE COUNTY.

(Filed 2 February, 1940.)

**1. Constitutional Law § 4d: Sheriffs § 1—Terms of office of sheriffs begin on first Monday in December after their election.**

The General Assembly has power to prescribe the time when sheriffs-elect shall qualify and be inducted into office, and it has provided that the term of office of sheriffs-elect shall begin on the first Monday in December next ensuing the general election in November at which they are elected. Public Laws of 1868, ch. 20, sec. 8 (32), as amended by Public Laws of 1876-77, ch. 275, secs. 1 and 77. C. S., 1297 (12).

**2. Constitutional Law § 2c—**

The General Assembly, in authorizing the submission of a constitutional amendment to the qualified voters of the State, and the voters, in voting thereon, are presumed to act in the right of existing constitutional and statutory provision.

**3. Constitutional Law § 2b: Sheriffs § 1—The term of office of sheriffs elected in 1938 is four years in conformity with constitutional amendment in effect at the beginning of the term.**

The term of office of sheriffs-elect begins on the first Monday in December next ensuing their election, and the constitutional amendment changing the term of office of sheriffs from two to four years, approved by the voters in the election of 1938, being in effect on the first Monday in December, the date of the beginning of the term of the sheriffs elected in that election, their term of office is four years in accordance with the amendment then in effect. This being true, whether the amendment became effective on the date of the election or the time of its certification by the Governor, is not necessary to be determined.

**4. Sheriffs § 1—Upon vacancy in office of sheriff, county commissioners have power to make appointment for unexpired term.**

A person elected sheriff on 8 November, 1938, duly qualified and was inducted into office the first Monday in December next ensuing, and was killed two days thereafter. *Held:* The person appointed by the county commissioners to fill the vacancy took office upon his qualification for the unexpired portion of the four-year term, the county commissioners having power to make the appointment, Constitution of North Carolina, Art. IV, sec. 24, and the term of sheriffs elected in 1938 being four instead of two years in conformity with the constitutional amendment in effect at the beginning of the term.

APPEAL by defendants from *Carr, J.,* at November Civil Term, 1939, of ALAMANCE.

Civil action for *mandamus* to require defendant to accept notice of plaintiff's candidacy for nomination for sheriff of Alamance County in primary election to be held on 25 May, 1940.

Trial by jury having been waived and the case heard by consent of parties, the court finds facts substantially these:

(1) At the general election held on 8 November, 1938, Marcellus Preston Robertson was elected sheriff of Alamance County, as was upon canvass of the election returns duly judicially determined by the board of elections of said county on 10 November, 1938, and proclamation was made as required by law. On the first Monday in December following he qualified and was inducted into office and gave the bonds required of him as sheriff. Two days thereafter, while in the performance of his official duty, he was killed.

(2) On 12 December, 1938, the board of commissioners of Alamance County appointed William V. Copeland to fill the vacancy in the office of sheriff caused by the death of Sheriff Robertson, and said Copeland immediately qualified as such sheriff by giving the bonds required of him and taking the oath of office, and he is now the incumbent.

(3) On 28 October, 1939, plaintiff, a citizen and resident of Alamance County and legally qualified to hold the office of sheriff of said county, tendered to defendants, constituting the board of elections of said county, notice of his candidacy for the nomination as Democratic candidate for sheriff of said county in the primary election to be held on 25 May, 1940, and in all respects complied with statutory requirement in such matters.

(4) Defendants refused to accept notice of plaintiff's candidacy upon the ground that there will be no vacancy in the office of sheriff of said county until the first Monday in December, 1942, for that the term to which Marcellus Preston Robertson was elected and into which he was inducted on the first Monday in December, 1938, was, by virtue of the adoption of an amendment to Article IV, section 24, of the Constitution of North Carolina, a term for four years instead of two, as formerly; and for that upon the death of Sheriff Robertson the board of county commissioners of the county was authorized to fill the vacancy by appointment for the unexpired term.

(5) The legislative authority for submitting the said amendment to popular vote as required by the Constitution, Article XIII, section 2, is an act, Public Laws 1937, chapter 241, which provides:

"Section 1. That section twenty-four of Article Four of the Constitution of North Carolina be and the same is hereby amended to read as follows: 'Sec. 24. Sheriffs and Coroners. In each county a sheriff and a coroner shall be elected by the qualified voters thereof as is prescribed for the members of the General Assembly, and shall hold their offices for a period of four years. In each township there shall be a constable elected in like manner by the voters thereof, who shall hold his office for a period of two years. When there is no coroner in a county the clerk of the Superior Court for the county may appoint one for special cases.

In case of a vacancy existing for any cause in any of the offices created by this section the commissioners of the county may appoint to such office for the unexpired term.' "

Section 2. That this amendment shall be submitted "at the next general election to be held in North Carolina in the year one thousand nine hundred and thirty-eight."

"Section 3. That the electors favoring the adoption of this amendment shall vote a ballot on which shall be written or printed the words 'For Amendment Making Term of Office of Sheriff and Coroner Four Years,' and those opposed shall vote a ballot on which shall be written or printed the word 'Against Amendment Making Term of Office of Sheriff and Coroner Four Years.'

"Section 4. That the election upon this amendment, except as otherwise provided in this act, shall be held and conducted under the same laws, rules and regulations as now prescribed for the holding and conducting of elections for members of the General Assembly, and the returns of said election shall be canvassed and declared as is now prescribed by law for the election of State officers.

"Section 5. That if, upon the canvass of the election upon this amendment, it shall be ascertained that a majority of the votes cast be in favor of this amendment, it shall be the duty of the Governor of the State to certify the amendment under the seal of the State to the Secretary of State, who shall enroll said amendment so certified among the permanent records of his office, and the amendment and every part thereof so certified shall be in force from and after the date of such certification."

(6) Pursuant to said act, Public Laws 1937, chapter 241, the question of the adoption of the amendment was submitted to the qualified voters of the State at the general election on 8 November, 1938, and approved by a majority of the votes cast as was ascertained upon canvass duly made. Thereafter, on 30 November, 1938, the Governor of North Carolina duly certified the amendment, under the seal of State, to the Secretary of State, who enrolled the amendment so certified, among the permanent records of his office.

Upon these findings of fact, the court concluded these as matters of law:

1. That the said amendment to Article IV, section 24, of the Constitution became effective on 30 November, 1938, and does not have the force and effect of increasing from two to four years the term of office of sheriff to which Marcellus Preston Robertson was elected on 8 November, 1938, and into which he was inducted on the first Monday in December, 1938;

3—217

2. That in filling the vacancy in the office of sheriff of Alamance County, caused by the death of Sheriff Robertson, the board of commissioners of said county was and is without authority to name William V. Copeland for a term extending beyond the first Monday in December, 1940;

3. That on the first Monday in December, 1940, there will be a vacancy in the office of sheriff for such county and it is to be filled by the person elected in the general election to be held in November, 1940;

4. And that plaintiff, as candidate for nomination for sheriff of Alamance County, is entitled to have his name placed upon the ballot to be voted in the Democratic Party primary election to be held on 25 May, 1940, and to that end is entitled to an order requiring defendants as board of elections of said county to accept his notice with the accompanying fee and pledge.

From judgment in accordance with such findings of fact and conclusions of law defendants appeal to Supreme Court, and assign error.

*H. J. Rhodes, Cooper & Sanders and W. Clary Holt for plaintiff, appellee.*

*Louis C. Allen for defendants, appellants.*

*John D. Larkins and J. C. B. Ehringhaus amici curiæ.*

WINBORNE, J. Two questions are presented as determinative of this appeal: (1) Does the amendment to Article IV, section 24, of the Constitution of North Carolina, fixing the term of sheriff at four years instead of two as formerly, affect the term of office of sheriff of Alamance County to which Marcellus Preston Robertson was elected at the general election in November, 1938, and into which he was inducted on the following first Monday in December?

(2) If so, did the board of commissioners of Alamance County have the power to fill the vacancy caused by the death of Sheriff Robertson by appointment for the unexpired portion of the term of four years?

We hold that both questions are properly answerable in the affirmative.

1. At the outset, it is noted that the wording of the pertinent portion of the section in question as it originally appeared in the Constitution adopted in 1868 is that "In each county a sheriff and coroner shall be elected by the qualified voters thereof as is prescribed for the members of the General Assembly, and shall hold their offices for a period of two years"; and that the only material change effected by the amendment is the substitution of the word "four" for the word "two," as it there appears. It is also noteworthy that the section is silent with respect to the time when the terms of office begin.

That the term of the office of sheriff elected at a general election held in November begins on the first Monday in December next thereafter appears to be settled by judicial interpretation of legislative enactments originating in the period in which the Constitution was adopted. *Worley v. Smith,* 81 N. C., 304, and *Sneed v. Bullock,* 80 N. C., 132, involving title to offices of sheriff. See, also, *Buckman v. Comrs.,* 80 N. C., 121; *Jones v. Jones,* 80 N. C., 127; *Clarke v. Carpenter,* 81 N. C., 309; and *Kilburn v. Latham,* 81 N. C., 312.

Looking to that period for the background upon which these decisions were rendered, we find that the General Assembly, in special session in the city of Raleigh, in July, 1868, recognizing the necessity of machinery to carry into effect the provisions of the Constitution, and after providing for the organization of the board of county commissioners, directed and empowered that board to proceed to qualify all other county officers recently elected or appointed under the provisions of the Constitution and to take bonds required of them—specifying that sheriffs shall execute three several bonds as prescribed in the Revised Code. Public Laws 1868, chapter 1. At the same session by another act concerning the government of counties, the Legislature provided that the board of county commissioners shall have power "to qualify and induct in office at the annual meeting on the first Monday of September after an election, or at any time when a vacancy in any of the county offices shall be filled, the clerk of the Superior Court, the sheriff, the coroner, the county treasurer, register of deeds and county surveyor; and to take and approve the official bonds of the said county officers. . . ." Public Laws 1868, chapter 20, section 8, subsection 32. In later enactments of the Legislature the provision for the meeting at which such qualification and induction into office should take place was changed to "the first Monday in the month next succeeding their election or appointment." Public Laws 1874-75, chapter 237, section 3, ratified 22 March, 1875.

It further appears that prior to 1876 general elections for the election of county officers, including sheriff and coroner, were held on the first Thursday in August. But by the said act of 1874-75 it is provided that the election for such officers in the year 1876 shall be held on Tuesday after the first Monday in November. And further provides: "Sec. 6. That all officers whose terms of office would expire did the election occur on the first Thursday in August, 1876, are hereby authorized and directed to hold over in the same until their successors in office are elected and qualified under this act." However, at the next session, the Legislature fixed the first Thursday in August as the date for the general election of such officers in the year 1878, but provided that in 1880, and every two years thereafter, a general election shall be held on Tuesday

after the first Monday in November. Public Laws 1876-77, chapter 275, sections 1 and 77, ratified 12 March, 1877.

It was in this period that the actions in the cases above referred to arose.

In the case of *Worley v. Smith, supra,* an action to try title to the office of sheriff of Jones County, the facts briefly stated are these: Nathaniel McDaniel was elected sheriff at the election in August, 1878, for the ensuing term. He appeared before the board of county commissioners on the first Monday in September, tendered his bonds, which were accepted, and took the oath of office. He died in that month. On 7 October next the commissioners appointed Worley, the plaintiff, to fill the vacancy and he qualified on 16 October. On the first Monday in December the commissioners elected the defendant, Smith, for the full term of two years. Upon giving the process bond and taking the oath he was inducted into office. Later he executed the other two bonds which were accepted and approved by the commissioners. Worley challenged the last appointment. Speaking through *Smith, C. J.,* the Court said: "By the act of March 22, 1875, the general election which, under the existing law, was required to be held on the first Thursday in August, 1876, was postponed and required to be held on Tuesday after the first Monday of November of that year; and the county officers, then elected, to be qualified and inducted into office on the first Monday in December instead of the first Monday in September, as theretofore. The law in its other provisions was modified and made to conform to this change of time for holding the election, and those county officers whose terms would have expired on the first Monday in August were 'authorized and directed to hold over in the same until their successors in office are elected and qualified under the act.' Laws 1874-75, chapter 237, section 6.

"We have already decided that this section simply extended the expiring term—spanning over the intervening space—until the newly elected officers could be qualified; and that it did not take away the power of the commissioners to fill a vacancy by appointment or election. *Sneed v. Bullock, supra.* The effect of this act is to change the *time of election,* and to make the terms of office begin and end in December, instead of September, as theretofore; and this the General Assembly was competent to do." And in conclusion the Court said: "Though the election is held in August, the terms of the county officers elected commence in December and continue for two years thereafter, as required by the Constitution."

It thus appears that in interpreting legislation enacted early in the period following the adoption of the Constitution, relating to the time when sheriffs-elect shall qualify and be inducted into office, the Court recognizes the power of the General Assembly to legislate with respect

thereto, and that the legislation enacted—properly interpreted—fixes the first Monday in December next ensuing the general election in November as the time for the beginning of the term of office of sheriffs elected at such election. As there written, the law has remained and is unchanged. Likewise, the statute, Public Laws 1868, chapter 20, section 8 (32), amended as above indicated and considered by the Court in *Worley v. Smith, supra,* has been brought forward in substantially the same form in subsequent codifications of statutes (Code of 1883, Vol. 1, chapter 17, section 707 [28]; Revisal of 1905, section 1318 [23]; and the Consolidated Statutes of 1919, section 1297, subsection 12), and is now and was in effect in the years 1937 and 1938. Therefore, when the General Assembly in the 1937 session came to propose and authorize the submission to the qualified voters of the State, and when the voters came to vote on the question of the adoption of the amendment, it is presumed that each acted in the light of the law.

Applying the law as there declared to the present case, it is manifest that though at the general election held on 8 November, 1938, Marcellus Preston Robertson was elected sheriff of Alamance County, the term of office to which he was elected commenced on the first Monday in December and is to continue for the number of years next thereafter as then fixed by the Constitution—four years. It is admitted on all hands that whether the effective date of the amendment be on the day of its approval by a majority of the qualified voters, 8 November, or at the time of the certification by the Governor, 30 November, the amendment was in effect on the first Monday in December. Hence, it is not necessary that we consider here the question of the date on which the amendment became effective. North Carolina Constitution, Article XIII, section 2; *Reade v. Durham,* 173 N. C., 668, 92 S. E., 712.

2. The Constitution, Article IV, section 24, further provides that "In case a vacancy existing for any cause in any of the offices created by this section, the commissioners of the county may appoint to such office for the unexpired term." The language is clear and the meaning manifest. See *Worley v. Smith, supra.* Hence, holding as we do that the term is for four years, the affirmative answer to the second question follows as a matter of course.

In accordance with this opinion, the judgment below is
Reversed.